■ FIVE RIVERSIDE DRIVE TOWERS CORPORATION et al., Respondents, v CHENANGO, LTD., Appellant. — Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Fischer, J.), entered October 11, 1984 in Broome County, which, *inter alia,* denied defendant's motion to dismiss the complaint.

In August 1982, defendant commenced an action in Supreme Court, Suffolk County, against plaintiffs Five Riverside Drive Towers Corporation and Richard Botnick (hereinafter plaintiffs), alleging breach of a 1979 purchase and sale agreement for the Ramada Inn located in the City of Binghamton. In essence, the complaint seeks money damages arising out of the claimed failure by plaintiffs to disclose certain alleged building and fire code violations in the Ramada Inn sold to defendant. No rescission of the sale is sought by any party.

In a subsequent suit brought in Supreme Court, Broome County, in February 1983, plaintiffs* allege that defendant breached an agreement to pay plaintiff Botnick for consulting services, along with a covenant not to compete and an agreement to give plaintiff Riverside monthly and annual financial statements during the life of the two mortgage notes.

Defendant moved in Supreme Court, Broome County, to dismiss plaintiffs' complaint on the ground that there was another action pending in Suffolk County between the parties for the same cause of action (*see,* CPLR 3211 [a] [4]). The motion was denied by Special Term in a decision dated December 19, 1983. Defendant thereafter moved for reargument and/or renewal of the prior motion, urging that the court overlooked the fact that the consulting agreement executed by plaintiff Botnick was at issue in both actions. Defendant asserted in its papers submitted on the second motion that added damages existed consisting of restitution for consulting fees already paid to plaintiff Botnick. In the alternative, defendant further requested a stay of plaintiffs' action if its motion for reargument and/or renewal was denied. By written decision dated August 3, 1984, Special Term denied this motion, but granted defendant leave to apply to this court for the stay if so advised. A formal order embracing both

---

* Plaintiff River Mede Manor was also a party to this lawsuit, but its claim has been paid and it is no longer included in the litigation.

decisions was entered on October 11, 1984. This appeal by defendant is from that order.

The order of Special Term should be affirmed. Plaintiffs' action in Broome County and defendant's action in Suffolk County do not involve the same actionable wrongs. Special Term did not, therefore, err in denying the relief requested (*see, Whitney v Whitney,* 57 NY2d 731, 732; *Hinman, Straub, Pigors & Manning v Broder,* 89 AD2d 278, 280).

Although both plaintiffs and defendant seek relief arising from dealings in connection with the purchase and sale of the Ramada Inn, the wrongs alleged in their respective complaints are separate and independent. Defendant asks for damages because of plaintiffs' alleged fraud in the inducement, while plaintiffs seek damages for nonpayment of fees due plaintiff Botnick under the consultation agreement and because of defendant's failure to deliver financial reports required by the escrow agreement. Defendant's complaint in the Suffolk County action does not allege a cause of action for restitution of payments made to plaintiff Botnick under the consultation agreement.

It is clear that no appeal lies from the denial of defendant's motion for reargument (*Fluman v TSS Dept. Stores,* 100 AD2d 838; *Alessi v County of Nassau,* 100 AD2d 561, 562). Further, a motion to renew must be based on new facts not previously known, coupled with a rational explanation as to why the facts were not previously submitted (*Caffee v Arnold,* 104 AD2d 352; *Foley v Roche,* 68 AD2d 558, 568; *Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684, 685).

Finally, Special Term's denial of defendant's request for an order of consolidation or joinder at this stage of the proceedings was not erroneous on this record. Special Term noted that there was a lack of proper notice in the original motion papers and a failure to present factors relevant to judicial consideration of that issue. We see no reason for this court to order a stay of the Suffolk County action at this time.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr. and Harvey, JJ., concur.