◼ ROBERT S. DONNELLY, Respondent, v AGNES M. DONNELLY, Appellant.—Main, J. Appeal from an order of the Supreme Court at Trial Term (Crangle, J.), entered December 31, 1984 in Montgomery County, which denied defendant's motion for reargument of a prior order determining equitable distribution of the parties' marital property.

The parties were divorced in January 1983 and, thereafter, distributed between themselves most of the marital property.

With respect to three remaining items of real and personal property, Trial Term, in January 1984, ordered equitable distribution. When the parties failed to agree on the interpretation of Trial Term's order, defendant, urging her construction of the order, made a motion to have Trial Term "interpret" the order for them. Trial Term, treating the motion as one to reargue, denied the motion but did, in its letter decision, inform the parties of its intentions as to how the three items of marital property were to be distributed. Defendant now argues on appeal that Trial Term improperly denied her motion, which she contends was a motion to renew rather than one to reargue.

A motion to renew requires that the moving party present "additional material facts which existed at the time the prior motion was made but were not then known to the party seeking leave to renew" (*Spiro v Spiro*, 91 AD2d 1103, 1104, *appeal dismissed* 59 NY2d 761; *Foley v Roche*, 68 AD2d 558). Here, defendant asserts that a June 1984 offer to purchase the real property that Trial Term had ordered equitably distributed was "new matter" and that her motion was, thus, one to renew rather than to reargue. Defendant fails to recognize, however, that the June 1984 purchase offer, even if it were to be considered a "material fact", did not exist at the time of the making of the prior motion, which resulted in Trial Term's January 1984 order, and, thus, cannot be considered newly discovered evidence (*see, Smith v Smith*, 97 AD2d 932, 933). Since defendant failed to present any additional material facts that were in existence but not yet known to her at the time the prior motion was made, Special Term properly characterized the motion underlying the instant appeal as one to reargue. Because the denial of a motion for reargument is not appealable (*Unanue v Town of Gardiner*, 105 AD2d 1025, 1026), the appeal must be dismissed.

Appeal dismissed, without costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.