■ Montgomery Ward and Company, Inc., Respondent, v Robert E. Othmer et al., Appellants.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Doran, J.), entered March 26, 1986 in Warren County, which denied defendants' motion to dismiss the complaint.

A decision by plaintiff to discontinue its catalog sales program nationwide resulted in the termination, effected in accordance with the terms of the catalog sales agency agreement entered into by the parties, of defendants' Montgomery Ward franchises. Thereafter, terminated catalog sales agents began a Federal action, which was granted class certification, asserting an assortment of Federal antitrust, RICO and other Federal statutory and common-law claims. Injunctive and monetary relief was sought.

Upon terminating defendants, plaintiff's personnel unsuccessfully attempted to gain access to defendants' place of business to conduct an inventory, finalize accounts and obtain the return of goods belonging to plaintiff or in which plaintiff had retained a perfected security interest. Then, concerned that unauthorized sales were being consummated, plaintiff commenced the instant action for replevin and also to recover a money judgment based on an open account. Defendants' motion to dismiss was denied and an inventory was conducted, following which plaintiff moved for and was granted an order directing the County Sheriff to seize the merchandise, conditioned, however, upon its posting of a surety bond in twice the amount of the value of the inventory. Defendants' motion made pursuant to CPLR 3211 (a) (4), to dismiss the complaint on the ground that another action was pending between the parties for the same cause of action in Federal court was denied, prompting this appeal. We affirm.

The mere fact that two lawsuits emanate from a common transaction or occurrence is not in and of itself enough to invoke CPLR 3211 (a) (4) (see, Five Riverside Dr. Towers Corp. v Chenango, Ltd., 111 AD2d 1025; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.22). If the wrongs alleged are separate and independent they may be prosecuted separately (see, Five Riverside Dr. Towers Corp. v Chenango, Ltd., supra, at 1026; Hinman, Straub, Pigors & Manning v Broder, 89 AD2d 278, 281). This appeal presents just that situation.

Here, the gravamen of plaintiff's New York replevin action is defendants' allegedly unauthorized sale of plaintiff's goods and the impairment of its security interest in goods consigned to defendants. This complaint is limited to a vindication of plaintiff's contractual rights.

Defendants' Federal suit, a class action, seeks the vindication of broader rights; it takes issue with plaintiff's ostensibly predatory motives in terminating its catalog sales program. That litigation is primarily an antitrust action wherein com-

pensatory and punitive damages are requested and ancillary thereto the sales agents seek to enjoin plaintiff from taking further steps to terminate its catalog sales operation and close independent sales franchises. The Federal action is not directed at resolving defendants' right to retain merchandise or its obligation to pay over moneys said to be owed pursuant to the catalog sales agency contract these parties entered into. Since the claimed wrongs to be redressed and the relief being pursued in these two actions are manifestly dissimilar, dismissal of the complaint herein pursuant to CPLR 3211 (a) (4) is not warranted.

Defendants' suggestion, that if not dismissed the State action should be stayed pending developments in the Federal suit, ignores the salutary fact that prompt resolution of motions of this nature are necessary to ensure the efficacy of CPLR article 71.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.