■ In the Matter of William S. Jones, Appellant, v Donald R. Marcy et al., Respondents.—Harvey, J. Appeals (1) from a judgment of the Supreme Court (Hughes, J.), entered November 17, 1986 in Albany County, which, *inter alia,* dismissed petitioner's application pursuant to Lien Law § 201-a, (2) from an order of said court, entered February 18, 1987 in Albany County, which denied petitioner's motion for reconsideration, and (3) from an order of said court, entered March 11, 1987 in Albany County, which denied petitioner's further motion for reconsideration.

In November 1985, petitioner and respondent Donald R. Marcy entered into an oral agreement whereby Marcy agreed to paint petitioner's 1960 Cadillac Eldorado in exchange for permission to moor his boat during the summer of 1986 in water adjacent to property owned by petitioner on Lake George in Warren County. Marcy performed the paint job in June 1986. However, in July 1986, when he went to use his boat in Lake George, he was informed that petitioner had sold part of his premises and Marcy was allegedly denied access to his boat by the new owner. Marcy thus asserted a lien against petitioner's automobile, which was still located in Marcy's garage, and gave notice that he intended to sell the car to satisfy the lien. Petitioner then commenced this special proceeding pursuant to Lien Law § 201-a.

Petitioner admitted that "Marcy did refurbish and repaint [his] 1960 Cadillac Eldorado as agreed". Petitioner contended that he had fulfilled his obligation under the agreement by making a mooring space available to Marcy on Lake George. It was uncontested that petitioner had sold part of his property, including his dock, on Lake George. Supreme Court thus determined that petitioner had failed to perform his part of the oral agreement and denied the petition to invalidate Marcy's lien.

Petitioner then made a motion to "renew/reargue" in which he contended that Supreme Court misunderstood the term

"mooring space". The motion was denied and petitioner followed with a second motion to "renew/reargue", this time asserting that the work performed on the vehicle by Marcy had been done in a defective manner. Supreme Court denied this motion, with prejudice. These appeals ensued.

The same test that is applied to a motion for summary judgment is used to determine a special proceeding *(Matter of Port of N. Y. Auth. [62 Cortlandt St. Realty Co.]*, 18 NY2d 250, 255, *cert denied* 385 US 1006; *Matter of Lefkowitz v McMillen*, 57 AD2d 979, *lv denied* 42 NY2d 807). Thus, if the papers and pleadings fail to raise a material issue of fact, the court is authorized to make a summary determination *(supra; see,* CPLR 409 [b]). In his original affidavit, petitioner stated that Marcy had performed the work as agreed to by the parties. It was uncontested that petitioner sold a portion of his property on Lake George, including his dock, before Marcy was afforded an opportunity to make full use of it in the summer months of 1986. Faced with these facts, we find Supreme Court's summary disposition of this matter proper.

We turn next to petitioner's two motions to "renew/reargue". Initially, we note that no appeal lies from the denial of a motion to reargue *(Fluman v TSS Dept. Stores,* 100 AD2d 838) and that the party's characterization of the motion as one to renew or reargue is not dispositive *(Donnelly v Donnelly,* 114 AD2d 671, 672, *appeal dismissed* 67 NY2d 1028). A motion to renew must be based upon newly discovered material facts or evidence which existed at the time the prior motion was made, but were unknown to the party now seeking renewal *(Five Riverside Dr. Towers Corp. v Chenango, Ltd.,* 111 AD2d 1025, 1026). A valid excuse must be presented as to why the new information was not previously submitted *(Gulledge v Adams,* 108 AD2d 950).

With respect to petitioner's first motion to "renew/reargue", he sought merely to dispute Supreme Court's interpretation of the term "mooring". Since this motion did not involve newly discovered evidence or material facts, it was in essence a motion to reargue; the denial of which was not appealable. In petitioner's second motion to "renew/reargue", he suggested that the work performed on his car by Marcy was unacceptable. Petitioner failed to adequately explain, however, why this new information was not offered in his initial application. The inadequacy of petitioner's failure in this regard is particularly highlighted by the fact that, in his initial application, he indicated that the work had been performed "as agreed". Consequently, we determine that Supreme Court did not

abuse its discretion in denying petitioner's motion to renew *(see, Matter of Hooker v Town Bd.* 60 AD2d 684).

Judgment affirmed, with costs.

Appeal from order entered February 18, 1987 affirmed, with costs. Order entered March 11, 1987 affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ. concur.