harmless because defendant was convicted of rape in the first degree.

Although several of the comments made by the prosecutor on summation were improper, most were unobjected to and we conclude that defendant was not deprived of a fair trial *(see, People v Morgan,* 66 NY2d 255, 259). We have examined the remaining issues raised by defendant and find them lacking in merit. (Appeal from judgment of Cayuga County Court, Contiguglia, J.—rape, first degree.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.

■ SHAHIN A. NIROOMAND, Appellant-Respondent, v GEORGE H. McCoy, as Chief Executive Officer of Erie County Medical Center, Respondent-Appellant, and PATRICK H. NEMOYER, as Erie County Attorney, Respondent. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: The sole issue raised by petitioner on this appeal from a judgment of Supreme Court in a CPLR article 78 proceeding is that the court erred in not transferring the proceeding to us as required by CPLR 7804 (g).

We conclude that the record does not present an issue of substantial evidence. The only issue is the interpretation of a contract between the State University and the Erie County Medical Center. (Appeals from judgment of Supreme Court, Erie County, Forma, J.—art 78.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.

■ SHAHIN A. NIROOMAND, Appellant, v GEORGE H. McCoy, as Chief Executive Officer of Erie County Medical Center, et al., Respondents. (Appeal No. 2.)—Appeal unanimously dismissed without costs *(see, Matter of Jones v Marcy,* 135 AD2d 887). (Appeal from order of Supreme Court, Erie County, Forma, J.—renewal.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.

■ DIANA JEWELERS OF LIVERPOOL, INC., et al., Appellants, v A.D.T. COMPANY, INC., Respondent.—Order unanimously affirmed without costs. Memorandum: Plaintiffs contend that Special Term erred in granting defendant's motion for summary judgment on the ground that the action was barred by the parties' contractual period of limitation. They assert that the one-year period of limitation for commencing suit provided in the contract is void as contrary to public policy because the complaint alleges willful or gross negligence. We disagree. The contractual shortening of the Statute of Limitations does not, as plaintiffs allege, limit a party's liability *(cf., Arell's Fine*