■ LANA C. BURTON, an Infant, by ELIZABETH BURTON, Her Mother and Natural Guardian, et al., Respondents, v GEORGE M. COONROD et al., Defendants, and TOWN OF CLIFTON PARK, Appellant.—Mikoll, J. Appeals (1) from an order of the Supreme Court (Plumadore, J.), entered January 8, 1990 in Saratoga County, which denied defendant Town of Clifton Park's motion for summary judgment dismissing the complaint against it, and (2) from an order of said court, entered March 23, 1990 in Saratoga County, which denied said defendant's motion for reconsideration.

This matter involves an accident occurring on March 27, 1987 wherein plaintiff Lana C. Burton (hereinafter plaintiff), a seven-year-old infant, was struck by a vehicle driven by defendant George M. Coonrod as plaintiff attempted to cross Crescent Road located in the Town of Clifton Park, Saratoga County. The roadway is a two-lane County highway with one lane of travel in each direction. The complaint alleges, among other things, that the Town failed to provide a safe speed limit and post proper signs and warnings, thereby proximately causing plaintiff to be struck by Coonrod's car and resulting in her injuries.

The Town moved for summary judgment to dismiss the complaint against it, contending that it had no control over Crescent Road because it was a County road maintained by the County, that it breached no duty to plaintiff and that it had not received any prior notice of any allegedly defective condition on Crescent Road. In support of its motion, the Town offered the affidavit of its Superintendent of Highways, Louis Gerard, wherein he alleges that Crescent Road is a county road not in the Town's control. The only part that the Town played with regard to the road is in the erection and maintenance of reduced speed limit signs operational while the Okte School, located adjacent to the road, is in session.

Gerard avers that at 5:08 P.M. on March 27, 1987, when the accident occurred, the reduced speed limit sign was not operational, a speed limit of 40 miles per hour was in effect, and that such a speed limit was in conformity with Vehicle and Traffic Law § 1622 and the criteria set forth in the "Manual of Uniform Traffic Control Devices". The pretrial examination of Coonrod, also appended, indicates that a 40-mile-per-hour speed sign was in effect at the time of the accident and that he was traveling 35 miles per hour before he observed plaintiff running across the road. Coonrod states that a speed change to 30 miles per hour is indicated only during school hours.

In opposition to the Town's motion, plaintiffs submitted an affidavit averring that Local Laws, 1984, No. 6 of the Town of Clifton Park set the speed limit in the area at 30 miles per hour within 300 feet in each direction of the building line of Okte School, and that the Town had posted an improper speed limit sign of 40 miles per hour. Supreme Court denied the Town's motion for summary judgment, finding that questions of fact existed concerning the liability of the Town for the establishment of the speed limit and the erection of speed limit signs. The court held that the Town's actions raised a material question of fact for the trier of fact as to whether the alleged posting was a proximate cause of plaintiff's injuries. Thereafter the Town moved for reconsideration on the ground that it had erred in the facts sworn to by its Superintendent of Highways in that a 30-mile-per-hour speed sign was always in effect at the scene of the accident. Supreme Court denied this motion. The Town now appeals the denial of both motions.

We first note that the Town's motion for reconsideration was in essence a motion to reargue and, as such, no appeal lies from Supreme Court's denial of said motion (see, Matter of Jones v Marcy, 135 AD2d 887, 888). Second, there should be an affirmance of the denial of summary judgment to the Town. The record indicates that material issues of fact exist which require resolution by the trier of facts, thus making summary judgment inappropriate (see, Bulger v Tri-Town Agency, 148 AD2d 44, lv dismissed 75 NY2d 808). Proof submitted to the court must be scrutinized in a light most favorable to the party opposing the motion (Russell v Hepburn Hosp., 154 AD2d 796). Plaintiffs' papers in opposition adequately raise the issues of whether the road was negligently posted by the Town at 40 miles per hour, as opposed to the mandated 30 miles per hour required by Town Law No. 6, and whether the

posting of the 40-mile-per-hour speed limit impacted proximately on the cause of the accident.

Order entered January 8, 1990, affirmed, without costs.

Appeal from order entered March 23, 1990 dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.