■ In the Matter of WALSH CONSTRUCTION COMPANY, a Division of GUY F. ATKINSON COMPANY, Respondent-Appellant, v JOHN EGAN, as Commissioner of General Services of the State of New York, et al., Appellants-Respondents, et al., Respondent.—Crew III, J. Cross appeals from that part of a supplementary judgment of the Supreme Court (Conway, J.), entered July 5, 1989 in Albany County, which, in a proceeding pursuant to CPLR article 78, partially granted petitioner's motion to compel respondent Comptroller to pay interest as directed by prior court order.

In November 1987, petitioner entered into a construction contract with the State for construction of Cayuga Correctional Facility in Cayuga County. In January 1989, petitioner submitted payment application No. 20 for work performed at the facility. Payment was rejected and petitioner commenced a CPLR article 78 proceeding, the precursor to the present proceeding, seeking to compel payment. By judgment dated April 19, 1989, Supreme Court ordered respondents to pay application No. 20 with interest thereon in accordance with law. Payment was made; however, respondents refused to pay interest. Petitioner then commenced the instant article 78 proceeding to compel respondents to pay interest as previously directed, to be computed from January 27, 1989. Supreme Court directed respondents to pay interest as previously directed, but directed that interest be computed from March 10, 1989. On this appeal respondents assert that Supreme Court erred in directing the payment of interest and petitioner asserts that interest should be computed from January 27, 1989.

At the outset, it is noted that no appeal was taken from the April 19, 1989 judgment of Supreme Court and it is final and binding on the parties *(see, Matter of Reilly v Reid,* 45 NY2d 24). The sole issue before this court, therefore, is whether Supreme Court properly determined the date from which to reckon interest. We conclude that it did. State Finance Law

§ 179-f (1) provides that where a State agency fails to make payment by the "required payment date", it shall be liable for interest on the amount overdue. State Finance Law § 179-f (2) defines "required payment date" as 30 days "after receipt of an invoice for the amount * * * due". Finally, State Finance Law § 179-e (6) (a) defines "receipt of an invoice" as "the date on which a proper invoice is actually received in the designated payment office". Here, the invoice was received at the Albany office of the Office of General Services, its designated payment office, on February 6, 1989. Supreme Court correctly concluded March 10, 1989 (30 days after receipt on Feb. 6, 1989) to be the date from which interest should be calculated.

Supplementary judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Crew III, and Harvey, JJ., concur. [See, 143 Misc 2d 928.]