(July 18, 1991)

■ JUDITH C. BATTISTI, Appellant, v JAMES J. BATTISTI, Respondent.—Levine, J. Appeals (1) from an order of the Supreme Court (Viscardi, J.), entered June 6, 1989 in Greene County, which, *inter alia,* directed the parties to comply with a stipulation between the parties, (2) from an order of said court, entered June 21, 1989 in Greene County, which, *inter alia,* denied plaintiff's motion to vacate the prior order, and (3) from that part of an order of said court, entered October 2, 1989 in Greene County, which granted defendant's cross motion to vacate a prior judgment entered against him.

Plaintiff and defendant were married in May 1970 and have two daughters who were born in October 1972 and May 1975. Following a period of marital discord, the parties were divorced in April 1985. A trial was subsequently held to determine issues of custody, support and equitable distribution, and the resolution of those issues was reflected in a February 1986 judgment.

In April 1987, defendant moved and plaintiff cross-moved to modify that judgment. The issues raised by the parties' motions were settled pursuant to an open-court stipulation on May 18, 1987. The stipulation provided, *inter alia,* (1) that plaintiff would be able to purchase defendant's share in the jointly owned marital residence, where she lived with the parties' two children, for one half of the net equity in the premises, (2) that if plaintiff chose not to purchase by July 31, 1987, defendant would be entitled to purchase under the same terms, (3) that commencing with the closing on the residence, defendant would increase his child support payments to plaintiff from $60 to $125 per week per child, and (4) that all other provisions of the judgments of divorce and equitable distribution would "remain in full force and effect except as modified".

Shortly thereafter, defendant apparently repudiated the stipulation on the ground that it was not signed by the parties *(see, Lischynsky v Lischynsky,* 95 AD2d 111), and plaintiff moved for an order enforcing the stipulation. By order dated January 10, 1988, Supreme Court granted plaintiff's motion, concluding that the stipulation was valid and binding on the parties. An amended judgment of divorce dated January 12,

1988 incorporated the terms of the stipulation. No appeals were taken from either Supreme Court's order or the amended judgment of divorce.

In April 1988, plaintiff moved by order to show cause for an order directing, *inter alia,* (1) the payment of child support by defendant in the amount of $125 per week per child retroactive to May 18, 1987, (2) an increase in child support to $300 per week for each child, (3) that defendant be held in contempt for his alleged violations of certain orders and/or judgments, (4) the payment of one half the cost of repairs to the marital residence, and (5) the payment of counsel fees. In an order dated May 26, 1989, Supreme Court essentially directed compliance with the stipulation and determined that plaintiff would have 10 days from the date of its order to elect to purchase the marital residence, which it valued at $120,000 based upon the average of three expert appraisals of fair market value. The court also fixed defendant's child support obligation at $125 per week per child retroactive to July 31, 1987, conditional upon plaintiff's purchase of the residence. Plaintiff's other requests, including that for increased support, were denied. Plaintiff now appeals from that order.

By order to show cause dated June 1, 1989, plaintiff moved to vacate the May 1989 order and, *inter alia,* specifically to change the value assigned by Supreme Court to the marital residence. Supreme Court denied the motion in an order dated June 21, 1989 from which plaintiff also appeals.

Plaintiff again moved for relief in August 1989, this time seeking, *inter alia,* to vacate a money judgment entered by defendant against her, the payment of counsel fees and the imposition of sanctions. In response, defendant cross-moved, *inter alia,* to vacate a $73,340.92 judgment entered by plaintiff against him. By order dated September 21, 1989, Supreme Court vacated the judgments entered by each of the parties against the other and denied all other requested relief. Plaintiff now appeals from so much of that order as was adverse to her.

Initially, we reject plaintiff's contention that Supreme Court erred in conditioning defendant's increased child support obligation of $125 per week on her purchase of the marital residence and in denying her request for increased child support of $300 per week. Both of these issues were governed by the parties' stipulation and, because neither party appealed from Supreme Court's January 1988 order holding the stipulation enforceable, that order is final and binding on the parties *(see, Matter of Walsh Constr. Co. v Egan,* 170 AD2d 899). Thus,

as to defendant's conditional obligation to increase his child support payments, Supreme Court properly ordered compliance with the stipulation which provided that "commencing with the date of the closing of title to the [marital residence], [defendant] shall pay to [plaintiff] each week the sum of $125 per week for the support of each of the minor children".[1]

Supreme Court likewise correctly applied the terms of the stipulation in considering plaintiff's request for an additional increase in child support to $300 per week. The parties expressly agreed that no modification proceedings were anticipated and that no application for any upward or downward modification would lie "except in the case of an emergency or special need or special change of circumstance". Plaintiff's application here was based upon the increased needs of the children by reason of their age, defendant's alleged increase in income and general "cost of living" increases. In our view, the foregoing falls short of establishing that an upward modification was warranted under the terms of the stipulation, particularly since there is no indication that the changes claimed were not reasonably anticipated by the parties and provided for in the stipulation *(see, Belsky v Belsky,* 172 AD2d 576).

Equally unavailing is plaintiff's claim that Supreme Court improperly denied her request for one half the cost of repairs to the marital residence. The original judgment awarding the parties equitable distribution provided that "[a]ny repairs [to the marital residence] in the nature of a capital improvement or structural repair, shall be borne by the parties equally *provided* the plaintiff obtains prior consent of the defendant" (emphasis supplied). It is undisputed by plaintiff that this provision remained unaltered by the parties' later stipulation of settlement and that defendant did not consent to the repairs actually made by her. Hence, we find no error in Supreme Court's refusal to award plaintiff one half the cost of such repairs.

We turn next to plaintiff's contention that Supreme Court erred in valuing the marital residence at $120,000 rather than at $81,250, the value plaintiff alleges to have existed on July 31, 1987 when, but for defendant's repudiation of the stipulation, she would have purchased the property. This argument was raised by plaintiff for the first time in her motion to vacate Supreme Court's May 1989 order, which was essen-

---

1. Notably, Supreme Court's May 26, 1989 order was more favorable to plaintiff than the stipulation since it made the increase retroactive to July 31, 1987, rather than the date of the actual closing.

tially a motion for reargument on, *inter alia,* the issue of valuation. Thus, Supreme Court's denial of that motion was not appealable *(see, Burton v Coonrod,* 170 AD2d 882; *Matter of Jones v Marcy,* 135 AD2d 887, 888). In any event, by previously submitting to Supreme Court without objection an October 1988 expert appraisal of $105,000, plaintiff impliedly consented to utilization of a valuation based upon fair market value at that time.

Plaintiff's remaining arguments do not warrant extended discussion. We disagree that Supreme Court erroneously vacated the $73,340.92 judgment entered by plaintiff against defendant.[2] The May 26, 1989 order upon which that judgment was allegedly based contained nothing entitling plaintiff to such an award. Finally, we have examined all of plaintiff's other contentions, including that her requests for counsel fees and sanctions were improperly denied, and find them to be without merit.

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the orders are affirmed, without costs.

---

2. In his brief, defendant also argues that Supreme Court erroneously vacated the money judgment he entered against plaintiff. That issue is not properly before us, however, since defendant took no cross appeal from Supreme Court's September 1989 order directing that both judgments be vacated *(see, Patelunas v Patelunas,* 139 AD2d 883, 885).