OPINION OF THE COURT
Karen K. Peters, J.
Plaintiff, a pro se litigant currently incarcerated at the Eastern Correctional Facility, moves for leave to renew so much of the previous motion which sought a divorce pursuant to the provisions of section 170 (2) of the Domestic Relations Law. In support thereof, plaintiff alleges facts which, although in existence at the time of the prior motion, were not presented to this court in the underlying papers submitted in connection therewith. Such underlying papers primarily consisted of standardized forms typically completed by pro se litigants seeking an uncontested divorce.
It is well settled that "[a] motion to renew must be based upon newly discovered material facts or evidence which existed at the time the prior motion was made, but were unknown to the party now seeking renewal.” (Matter of Jones v Marcy, 135 AD2d 887, 888.) While the plaintiff herein admits that the information he now seeks to have this court consider was in existence at the time of his earlier submission, it is clear that he failed to include relevant facts detailing the terms of his imprisonment and the circumstances under which he met the defendant. If originally alleged, such facts might have been determinative of the original decision rendered by the court in this matter. This court finds that since the plaintiff, as a pro se litigant, has provided a valid excuse for not submitting the additional information in his original application, this court will entertain the motion to renew. (See generally, Matter of Barnes v State of New York, 159 AD2d 753; see also, Innovative Chem. Corp. v Howe Plastics & Chem. Cos., 164 AD2d 965; Five Riverside Dr. Towers Corp. v Chenango, Ltd., 111 AD2d 1025.)
The original application for a default divorce pursuant to the provisions of section 170 (2) of the Domestic Relations Law was denied on the grounds that plaintiff failed to sustain his burden to show sufficient proof of "(1) a voluntary separation *492 of one spouse from the other; (2) with intent not to resume cohabitation; (3) without the consent of the other spouse; and (4) without justification.” (1 Foster, Freed and Brandes, Law and the Family New York § 6:15, at 432 [2d ed].) While plaintiff had sustained his burden with respect to defendant’s intent not to resume cohabitation with him while he was incarcerated, this court found by decision and order dated March 30, 1993 that plaintiff as an incarcerated spouse, was unable to prove a voluntary separation by the defendant and that her intent not to resume cohabitation was unjustified. Hence, unable to sustain the " 'fault’ standard of abandonment” as a ground for divorce, this court denied the relief requested therein. (See, DeFeo v DeFeo, NYLJ, June 1, 1993, at 32, col 5.)
In the instant motion, plaintiff alleges that his prior papers failed to include that he was arrested on November 15, 1974 and charged with six counts of murder in the second degree. On December 4, 1975, plaintiff was sentenced to 150 years to life. As a result thereof, plaintiff has been incarcerated since November 15, 1975 to the present time which consists of approximately I8V2 years. Plaintiff states that he first met the defendant, Geraldine A. DeFeo, in January of 1985 while he was incarcerated at the Auburn Correctional Facility. Their entire courtship leading to the decision to marry occurred exclusively while he was incarcerated. Prior to marrying, plaintiff’s correction counsellor advised defendant of plaintiff’s extensive term of incarceration and his parole status. Notwithstanding the above, while still incarcerated at the Sullivan Correctional Facility, plaintiff and the defendant were married in the facility visiting room on July 5, 1989.
Plaintiff contends that cases cited in support of this court’s prior decision denying him a divorce on the ground of abandonment analyzed the fault grounds for a divorce when a marriage occurred prior to the incarceration of one’s spouse. Plaintiff notes as follows: ''[i]n that situation, the cases hold that the reason the parties are separated is the criminal conduct of the plaintiff, and that he should not be entitled to grounds for a divorce based on his illegal conduct. The courts prevent this by stating that the wife was justified in refusing to maintain contact with the plaintiff after he went to prison. The fact of the matter is that plaintiff * * * and the defendant * * * were married after the plaintiff * * * had been sentenced. The fact also remains that the defendant * * * was not justified in abandoning the plaintiff * * * because of my *493 imprisonment, while she voluntarily undertook to start the marriage while plaintiff was serving a one hundred and fifty years to life sentence.” (Affidavit of DeFeo, June 4, 1993, paras 9-11.)
With such new evidence before the court, this court finds that plaintiff’s contention that on or about March 1, 1991, defendant without cause or justification, abandoned him with intent not to return when she came to the Eastern Correctional Facility visiting room and informed him that she would not be coming back because she no longer loved him, and has refused to visit or otherwise communicate with plaintiff despite repeated requests to do so, constitutes sufficient grounds for this court to grant a divorce based upon the ground of abandonment. This court finds that the marital domicile was a penitentiary, whether it be the Auburn Correctional Facility, the Sullivan Correctional Facility or the Eastern Correctional Facility, and that the expectation of the parties with respect to parameters of such marriage was based upon the defendant’s keen awareness that the plaintiff was serving a 150 year to life sentence when the marriage commenced. Therefore, unlike a traditional marriage, all visitation, communications and marital relations were premised upon the parties working within this restrictive setting, acknowledging its limitations.
When defendant informed plaintiff on or about March 1, 1991 that she no longer loved him and would not be coming back to visit any longer, despite repeated requests to do so by the plaintiff, this court finds that such act constituted a voluntary separation of one spouse from the other with intent not to resume cohabitation within the confines of this marital relation. Upon the facts herein, such was done without the consent of the other and without justification. Accordingly, this court finds that plaintiff has sustained his burden to show that a judgment of divorce should be issued in the instant case on the grounds of abandonment notwithstanding the fact that the moving party is the incarcerated spouse.