◼ PAMELA JO STUART, a Mentally Retarded Person, by ANTOINETTE STUART, Her Parent and Natural Guardian, et al., Appellants, v ELLIS HOSPITAL, Respondent. [603 NYS2d 212] — Casey, J. Appeals (1) from an order of the Supreme Court (Doran, J.), entered June 12, 1992 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered July 9, 1992 in Schenectady County, which denied plaintiff's motion for reargument.

This malpractice action arose out of treatment received by plaintiff Pamela Jo Stuart (hereinafter plaintiff) at defendant's emergency room where plaintiff was taken after she cut her

right wrist on a broken window. Some 10 months after her emergency room treatment, plaintiff consulted a general surgeon due to continued pain. The surgeon removed an eight-millimeter fragment of glass from a scar on plaintiff's right wrist.

After issue was joined, defendant moved for summary judgment dismissing the complaint. In support of its motion, defendant submitted, *inter alia,* the relevant hospital records and the affidavit of the physician who treated plaintiff in the emergency room. Plaintiffs cross-moved for an extension of time to file papers in opposition to the motion upon the ground that their out-of-State expert needed additional time to examine plaintiff and prepare an affidavit. Thereafter, plaintiffs submitted a brief notarized letter from their out-of-State expert, Leonard Ruby.

After receiving Ruby's letter, Supreme Court granted defendant's motion for summary judgment. Plaintiffs then moved for reargument, contending that they had a letter from another physician which Supreme Court should consider. Plaintiffs' motion was denied, resulting in this appeal by plaintiffs from both orders.

We conclude that the hospital records and affidavit of the treating physician, who described in detail the treatment of plaintiff's wound and alleged that the treatment administered by him and other members of defendant's staff did not deviate from accepted community standards of medical care, were sufficient to meet defendant's burden as the proponent of the summary judgment motion *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325; *Kelly v St. Peter's Hospice,* 160 AD2d 1123, 1124). The burden then shifted to plaintiffs to come forward with evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial *(see, Zuckerman v City of New York,* 49 NY2d 557, 562), and general allegations unsupported by competent evidence are not sufficient to meet the burden *(see, Alvarez v Prospect Hosp., supra,* at 326-327).

We agree with Supreme Court that the letter of Ruby submitted by plaintiffs was insufficient to meet their burden. Although the letter is notarized, there is nothing to indicate that it was properly sworn *(see, Grasso v Angerami,* 79 NY2d 813). In any event, the requisite elements of proof in a medical malpractice action are (1) a deviation or departure from accepted practice and (2) evidence that such departure was a proximate cause of injury or damage *(Amsler v Verrilli,* 119

AD2d 786). Ruby's statement that plaintiff "should have had a more thorough examination, probably including xrays" is patently insufficient to establish the first element *(see, Kelly v St. Peter's Hospice, supra,* at 1125) and we also find the letter insufficient to establish the second element.

As to plaintiffs' motion for reargument, an order denying reargument is not appealable *(e.g., Burton v Coonrod,* 170 AD2d 882, 883), and even if the motion is viewed as one to renew, we conclude that it was properly denied because the evidence was not in admissible form and plaintiffs offered no excuse for either the late submission or the lack of proper form.

Yesawich Jr., J. P., Crew III, White and Mahoney, JJ., concur. Ordered that the orders are affirmed, with costs.