Ember v Denizard (2018 NY Slip Op 02715)





Ember v Denizard


2018 NY Slip Op 02715


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


6332 151379/16

[*1]Max Ember, Plaintiff-Appellant,
v
Charlene Denizard, et al., Defendants-Respondents.


Law Offices of Jeffrey H. Roth, New York (Jeffrey H. Roth of counsel), for appellant.
Schneider Buchel LLP, Garden City (Marc H. Schneider of counsel), for respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered August 18, 2017, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the lung injury claim and for sanctions, unanimously reversed, on the law and the facts, without costs, and the motion denied.
Plaintiff, Max Ember, is the shareholder and proprietary lessee of an apartment in a cooperative building owned, operated, and managed by defendants (collectively, the cooperative). In this action, he claims that the cooperative wrongfully refused to repair his heating system, as a result of which he suffered a serious and debilitating lung condition.
Defendants contend that the lung injury claim is barred by the doctrine of res judicata, relying on the preclusive effect of a settlement agreement and a stipulation of discontinuance with prejudice entered into in two prior related actions.
In July 2014, plaintiff brought a Supreme Court action alleging that defendant's failure to repair his heating and plumbing system was "dangerous, hazardous and/or detrimental to plaintiff's life, health and safety." Thereafter, in January 2015, the cooperative commenced a nonpayment action against plaintiff in Housing Court. The prior Supreme Court action and the Housing Court action were settled simultaneously before the Housing Court.
The Settlement Agreement stated, in relevant part, that it was "in full satisfaction of all parties' claims, defenses and counterclaims in the within proceeding and in the [prior Supreme Court action]," and required that a stipulation of discontinuance of the latter action be simultaneously executed. The Stipulation of Discontinuance was executed on November 2, 2015, and provided that "the above entitled action, and all claims, affirmative defenses, cross-claims and counter-claims alleged therein, ... is [sic] hereby discontinued with prejudice."
The Settlement Agreement also required that the parties exchange limited releases "[u]pon ... full compliance with this Stipulation." The form releases released all claims "known or unknown, which RELEASOR ever had, now has, or may have against RELEASEE" but "limited to those claims asserted and/or that could have been asserted" in the Supreme Court action or the Housing Court action.
In April 2016, the cooperative moved to hold plaintiff in contempt based on his failure to execute the releases. Plaintiff cross-moved for contempt alleging that the cooperative breached the settlement agreement. The contempt motions are still pending in Civil Court.
The language of the settlement agreement and stipulation of discontinuance raises the inference that the documents were not intended to encompass claims not actually asserted in the prior actions (see Frenk v Solomon, 123 AD3d 416 [1st Dept 2014]; cf. Fifty CPW Tenants Corp. v Epstein, 16 AD3d 292, 294 [1st Dept 2005] [stipulation containing no reservation of right to pursue related claims or limitation of claims to those actually asserted in prior proceeding accorded res judicata effect]). The lung injury claim was not asserted in the prior actions.
Moreover, the language of the releases is broader. Whether or not the lung condition "could have been asserted" in the prior Supreme Court action requires fact-finding and is not [*2]appropriately determined on a motion to dismiss.
Nor is dismissal of the lung injury claim under CPLR 3211(a)(4) appropriate as there is no prior action pending on the
same claim for the same relief (see Kent Dev. Co. v Liccione, 37 NY2d 899, 901 [1975]; Montgomery Ward & Co. v Othmer, 127 AD2d 913 [3d Dept 1987]).
Sanctions are not warranted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK