■ In the Matter of Toni-Jean Vitek, Respondent, v Gary E. Vitek, Appellant.—Levine, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered October 13, 1989, which, *inter alia,* partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify a prior order of child support.

Petitioner and respondent were divorced in 1975. By order of Family Court dated September 29, 1975, respondent was directed to pay petitioner alimony in the amount of $30 per week and child support in the amount of $30 per week for each of the parties' two daughters, who were then ages five and six. In July 1987, petitioner commenced the instant proceeding seeking an upward modification of the child support payable by respondent based upon the increased living and educational expenses of the parties' children. Respondent cross-petitioned for an order terminating both his child support and alimony obligations.

Subsequently, between February 1988 and January 1989, testimony was taken on five separate occasions by Family Court. At the conclusion of the hearing, the court partially granted the modification petition, directing respondent to increase his child support payments to $70 per week for each child, and dismissed the cross petition. Family Court also ordered respondent to pay a portion of petitioner's counsel fees in the amount of $4,500 in quarter-annual installments. This appeal by respondent followed.

Respondent's initial contention on this appeal is that Family Court erred in refusing to terminate his alimony obligation. We disagree. In order to establish his entitlement to elimination of the alimony award, respondent had the burden of showing, by clear and convincing proof, a substantial change in circumstances *(see, Hermans v Hermans,* 74 NY2d 876, 878; *Alexander v Alexander,* 134 AD2d 796, 797). Here, the evidence presented at the hearing established that, at the time the judgment of divorce was entered in 1975, petitioner

was not employed and respondent was earning an annual salary of $13,600. Although petitioner subsequently obtained part-time employment in early 1986, her declared gross income of $11,891 for that year was insufficient to enable petitioner to become self-supporting. The testimony indicated that petitioner's expenses clearly exceeded her income and that she continued to receive various financial assistance from her father, who died during the course of the proceedings, and her brother. In contrast, respondent's income increased significantly between 1975 and 1986, when he earned $28,400, and he was more than able to meet his expenses. Based upon the foregoing, it is our view that Family Court was correct in refusing to terminate the alimony award. In this regard, we find unavailing respondent's contention that the court applied an improper standard in reaching its decision. While the court stated that respondent had demonstrated no change of circumstance "which has caused him any extreme financial hardships as would warrant a[n] * * * elimination of alimony", our review of the decision as a whole satisfies us that Family Court merely considered respondent's lack of financial hardship as one of several factors and that it correctly utilized the "substantial change in circumstances" standard.

We likewise reject respondent's claim that the increase in child support ordered by Family Court was excessive. At the time of petitioner's application, one daughter, age 18, was attending college, incurring increased living and education-related expenses. The parties' second daughter, then age 17, was a senior at a parochial high school and at the time of her testimony in June 1988, was about to enter a two-year nursing school program. As discussed previously, respondent's financial position had improved significantly in relation to that of petitioner since the time of the original support order. Moreover, petitioner's proof, uncontradicted by respondent, indicated that the children's expenses were substantially greater than respondent's contributions and that financial assistance from petitioner's father and brother was required to meet the excess expenses, including tuition. Thus, we agree with Family Court that petitioner sufficiently established a substantial change of circumstances warranting an upward modification of child support (see, Domestic Relations Law § 236 [B] [9] [b]; *Nordhauser v Nordhauser,* 130 AD2d 561, 562; *Lipow v Lipow,* 110 AD2d 756), and we cannot conclude that the $40 per week increase for each child was excessive.

As a final matter, we decline to disturb Family Court's discretionary allocation of a portion of petitioner's counsel

fees to respondent. Respondent's contention that a hearing on counsel fees was required is unpersuasive in view of the detailed affidavits submitted by petitioner's counsel substantiating the time spent on petitioner's case and the extensive hearing testimony which provided the court with ample information to evaluate the circumstances of the case and the financial circumstances of the parties *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Culnan v Culnan,* 142 AD2d 805, 808, *lv dismissed* 73 NY2d 994; *Walsh v Walsh,* 92 AD2d 345, 347).

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.