■ BRYAN P. MORRIS, Appellant, v MARIE F. MORRIS, Respondent. [676 NYS2d 202] —In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated May 12, 1997, which granted the defendant's motion for an award of $12,720.50 and counsel fees.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith.

The parties' settlement agreement provides, in relevant part, as follows: "The parties acknowledge that they will share equally any college expense incurred by the infant issue at any school within the State of New York University system, which may not be covered by any loans or grants which may be available to him, *or provide him with the same amount of money with which he may attend the college of his choice*". The italicized part was added in handwriting. The plaintiff father claims that because he did not place his initials next to the handwritten addendum he is not obligated to pay for the child's college expenses incurred at a private college. The father's contention is incorrect. When, as here, there is no allegation of fraud or duress in the making of the agreement, the parties' signatures to the entire agreement binds them to the provisions therein (*see, Brownstein v Travelers Cos.*, 235 AD2d 811; *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg*, 172 AD2d 234).

The father next contends that, pursuant to the settlement agreement, the amount the parties are obligated to pay is limited to that which is not covered by loans or grants, and is further limited to what the cost would have been if the child had attended a school in the State University at New York (hereinafter SUNY) system. This issue involves the interpretation of the above-quoted provision (*see, Tantleff v Truscelli*, 110 AD2d 240, 244).

A plain reading of the subject provision indicates the parties' intention to provide for the child's college education, but with certain limitations: the cost of a college education at a SUNY school, and the amount that is not covered by loans or grants. It follows, then, that since the child opted to attend a private school, the father's obligation to provide for college expenses is limited to his one-half share of what a comparable SUNY college education would cost as reduced by loans or grants.

The Supreme Court's award of $12,720.50 as reimbursement for the father's share of college expenses incurred by the child was improper as it was based solely on an unsubstantiated assertion in the affidavit of the defendant mother. A hearing to

determine the father's share of the child's college expenses is required before an award, if any, can be made.

The Supreme Court's award of counsel fees, based solely upon the attorney's affirmation, without a stipulation by the parties to the contrary, was inappropriate. An evidentiary hearing is required (*see, Santora v Nicolini,* 237 AD2d 504, 505; *Petritis v Petritis,* 131 AD2d 651, 654). Rosenblatt, J. P., O'Brien, Krausman and Goldstein, JJ., concur.