■ Rose M. Barnaby, Respondent, v James F. Barnaby, Appellant. [686 NYS2d 230] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Seibert, Jr., J.) granting plaintiff a

divorce and ordering, *inter alia*, equitable distribution of the parties' marital property, entered November 12, 1997 in Saratoga County, upon a decision of the court.

The parties married in 1981 and later that year plaintiff gave birth to their daughter; plaintiff also had a daughter from a previous marriage (hereinafter the elder child), who was born in 1974. In 1992, while this divorce action was pending, Family Court awarded plaintiff sole custody of the younger child and directed defendant to pay $173 per week for child support. Defendant did not timely appeal from that order, and the denial of his 1994 motion to vacate it was affirmed by this Court (*Barnaby v Barnaby*, 226 AD2d 860). Relevant also is the fact that during 1992, defendant was convicted and sentenced to prison for 1 to 3 years for sexually abusing the elder child.

At the conclusion of the trial, Supreme Court granted plaintiff a divorce on the ground of cruel and inhuman treatment, directed that Family Court's custody and support orders be incorporated but not merged into the judgment, and awarded plaintiff the following—$55,815* for child support arrears since 1992, $4,485 as reimbursement for certain debts plaintiff had satisfied on defendant's behalf, and $500 per month for 10 years in maintenance. Additionally, without an evidentiary hearing, plaintiff was awarded approximately $19,000 in counsel fees.

Initially, we find that Supreme Court did not abuse its discretion when it denied defendant's request, made on the day of trial, for an adjournment to retain counsel. The record discloses no good reason why defendant, who had discharged his attorney approximately two months prior to the start of trial, was unable in the meantime to retain new counsel (*see, Matter of Sara KK.*, 226 AD2d 766, 767, *lv denied* 88 NY2d 808; *Rosato v Macier*, 222 AD2d 865, 866).

Nor did Supreme Court abuse the discretion entrusted to it in awarding plaintiff maintenance. In determining the amount and duration of maintenance, the court considered the disparity in earning capacity between the parties (plaintiff, who never graduated from high school, was able to earn only $16,000 per year cleaning houses, while defendant demonstrated an ability to earn $53,000 per year with NYNEX [*see, Butler v Butler*, 256 AD2d 1041, 1044-1045]), and the parties' predivorce middle class standard of living (*see, Hartog v Hartog*, 85 NY2d 36, 50-

---

* Plaintiff's counsel concedes that the correct amount of the child support arrearage is $54,739.52.

51; *Newton v Newton*, 246 AD2d 765, 767, *lv denied* 91 NY2d 813), which ended only as the result of defendant's illicit relationship with his stepdaughter (*see, Myers v Myers*, 255 AD2d 711; *Zurner v Zurner*, 213 AD2d 906, 908, *lv denied* 87 NY2d 802).

Credible evidence also supports the award of $4,485 to plaintiff, representing her share of a 1991 tax refund, and to repay her for funds expended to satisfy certain of defendant's expenses while he was in prison. The proof adduced on this issue, though conflicted, distilled to a question of credibility which Supreme Court not unfairly resolved in plaintiff's favor (*see, Blaise v Blaise*, 241 AD2d 680, 681).

Defendant's challenge to that part of Supreme Court's judgment incorporating Family Court's 1992 child support award to plaintiff of $173 per week is unconvincing. Given defendant's educational background and work experience, we are loathe to say that the court, which has considerable discretion to impute income for the purpose of determining a parent's child support obligation, acted improvidently (*see generally, Matter of Klein v Klein*, 251 AD2d 733, 734-735; *Matter of Bosshold v Bryant-Bosshold*, 243 AD2d 857, 858). Moreover, the fact that defendant was merely earning $400 per week as a truck driver after his release from prison is not dispositive, as it is the parent's ability to provide support and not necessarily his or her current financial plight on which the child support obligation is to be predicated (*see, Matter of Lutsic v Lutsic*, 245 AD2d 637, 638; *Matter of Ciampi v Sgueglia*, 252 AD2d 755, 756).

We do find merit, however, in defendant's contention that Supreme Court erred in granting counsel fees without establishing either through a hearing or through submission of other evidence the reasonableness of the fees plaintiff claims to have incurred. To justify a counsel fee award, "[a] sufficient evidentiary basis must exist for the court to evaluate the respective financial circumstances of the parties and value of the services rendered" (*Matter of Buono v Fantacone*, 252 AD2d 917, 919). Plaintiff's proof on this issue consisted only of her testimony at trial as to her recollection of the costs she incurred. That testimony does not furnish a meaningful way to gauge the value of the services rendered (*see, e.g., Morris v Morris*, 251 AD2d 637, 638; *compare, Vitek v Vitek*, 170 AD2d 908); an evidentiary hearing is required (*see, Morris v Morris, supra; see also, Santora v Nicolini*, 237 AD2d 504, 505).

Mikoll, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reducing the amount of child support arrearage from

$55,815.02 to $54,739.52 and by reversing so much thereof as awarded $19,283.49 in counsel fees and costs; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.