■ JENNIFER K. DANE, Respondent, v FRANCIS DANE, Appellant. [688 NYS2d 754] —Mikoll, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 13, 1998 in Schoharie County, which partially granted plaintiff's motion for certain pendente lite relief.

The parties, who were married in 1988 and have one daughter, owned and operated three video rental stores, a liquor store and income property. Plaintiff commenced this action for a divorce in September 1997 and thereafter sought certain pendente lite relief. At issue on this appeal is that portion of Supreme Court's order which directed defendant to pay temporary child support in the amount of $185 per week and $1,500 toward plaintiff's counsel fees at the rate of $75 per month. Defendant contends that Supreme Court improperly calculated his income, and consequently his child support obligation, and that based on the parties' relative financial cir-

---

cumstances it is inequitable to compel him to pay plaintiff's counsel fees.

We have consistently followed the general rule that grants of pendente lite relief should be modified only where compelling circumstances demonstrate a party's inability to meet his or her financial obligations, or where intervention is required in the interest of justice (*see, Twaite v Twaite*, 235 AD2d 616; *Moshy v Moshy*, 227 AD2d 182; *Newkirk v Newkirk*, 194 AD2d 842; *Marr v Marr*, 181 AD2d 974). Nothing in the record persuades us that deviation from this general rule is warranted here.

Before Supreme Court on plaintiff's motion were the financial affidavits of the parties and portions of their 1996 income tax returns showing $134,084 gross business income from the video rental stores. Of the claimed business expenses totaling $139,829, the court noted that approximately $58,000 represented depreciation and vehicle expenses which did not represent actual out-of-pocket expenditures. The court therefore estimated defendant's income at $58,000 and calculated his child support obligation accordingly. Contrary to defendant's assertions, it is within the trial court's discretion to exclude depreciation expenses since they do not affect disposable income or otherwise impact on the ability to pay child support (*see, Barber v Cahill*, 240 AD2d 887; *Matter of Westchester County Dept. of Social Servs. [Rosa B.] v Jose C.*, 204 AD2d 795, 798). Defendant further contends that it was error to impute this sum as income because the 1996 tax return figures were based on income from all three video stores, whereas the most profitable store was transferred to plaintiff and sold by her in 1997. Finally, defendant urges that he is the economically disadvantaged spouse in that his monthly expenses greatly exceed his income, while plaintiff has severely limited her earning capacity without justification.

In declining to modify grants of pendente lite relief except in exigent circumstances, we have noted that the appropriate remedy for any alleged inequity therein is a prompt trial. This approach is particularly indicated here, where the parties' affidavits present sharply contested factual issues and there is a paucity of concrete information with which to evaluate their competing claims. While we are satisfied upon the record before us that Supreme Court did not abuse its discretion in granting the challenged relief, a trial will serve to elicit the essential facts and facilitate a more exacting appraisal of the parties' financial situations.

Neither will we interfere with Supreme Court's broad discre-

tion in determining whether to award counsel fees where, as here, the award was not unreasonable and was based upon the court's consideration of submitted documentation concerning the parties' relative financial situations and the circumstances of the case (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881).

Cardona, P. J., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.