■ PATRICIA A. SAWYER, Respondent-Appellant, v LYLE D. SAWYER, Appellant-Respondent. [702 NYS2d 688] —Carpinello, J. Cross appeals from a judgment of the Supreme Court (Ingraham, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered August 3, 1998 in Otsego County, upon a decision of the court.

After 17 years of marriage, plaintiff commenced this action for divorce against defendant in September 1995. The parties have one son who was born in 1979. The primary issues on appeal concern Supreme Court's equitable distribution of the parties' assets and its award of spousal maintenance to plaintiff. Upon our review of the record, we find that Supreme Court's resolution of both issues was entirely appropriate.

Defendant first claims that he is entitled to a $225,000 "credit" from plaintiff for moneys he allegedly expended over the years for the education of her children from a prior marriage. After applying this "credit", the argument continues, he is then entitled to 70% of the remaining marital assets because he was the sole generator of all such assets. Putting aside the complete absence of any legal authority to support his claim for a credit based on "his educational payments", defendant has waived the right to object to Supreme Court's distribution of assets since the parties agreed during the trial that each would retain the assets then in their respective possessions.* In an amended statement of proposed equitable distribution, plaintiff's counsel proposed that each party retain those assets in his or her possession. Again in closing remarks, plaintiff's counsel indicated to Supreme Court, "My client wants to keep what she's already got." In his closing remarks, defense counsel responded with the following statement, "Judge, I think they're agreed, you know, they each keep what they got. The argument is over maintenance and the pension." Having made such concession, defendant cannot now be heard to complain that the court's award of $303,290 in marital assets to him—which represents a 63% distribution—was an abuse of discretion.

As to Supreme Court's award of maintenance to plaintiff in the amount of $3,000 per month until defendant retires, defendant claims that it was improper since his base annual salary is only $95,000 and plaintiff is capable of supporting herself. Plaintiff, on the other hand, claims that it was inadequate given the parties' marital standard of living and defendant's financial capability to pay even more. Neither position has merit, and this Court finds no basis upon which to disturb the figure set by Supreme Court.

---

* Notably, at that time, plaintiff was only in possession of $178,116 worth of assets while defendant was in possession of $303,290 worth of assets.

Defendant is an engineer who has been employed by General Electric Company in Singapore since 1979. He is currently manager of international engineering and construction for all of Asia and Europe, and General Electric pays for his housing. In 1995, defendant's total compensation was $278,696. This figure represented a base salary of $86,666, plus additional allowances for, *inter alia*, the increased cost of living in Singapore, incentive bonuses and stock options. Two years later, defendant's total compensation had grown to $363,601, representing a $90,000 base salary, plus similar allowances. As of the trial in this matter, his base salary had grown to $95,000. He is 51 years old.

When the parties married in 1978, plaintiff was not employed, although she had previously worked as a typist, waitress and cosmetic representative earning very little. During the time she lived in Singapore with defendant, she was in fact ineligible to work and thus did not. In 1988, plaintiff returned to New York with their son at defendant's request. She was to oversee the subdivision and sale of 12 acres they owned in Otsego County as well as oversee the construction of a new house. Plaintiff undertook these efforts in anticipation of defendant's repeated promises that he would soon be rejoining them in New York. In 1989, and for five years thereafter, plaintiff worked as a secretary at an annual salary of $17,000. In 1997, she earned a degree in dietetics. Her chances of earning a $25,000 a year salary in this field, however, are unrealistic since, despite efforts, she was unable to obtain a necessary internship to become a registered dietician. She is 57 years old.

With respect to the parties' predivorce standard of living, the record reveals that while they lived together in Singapore, they belonged to a country club and employed a "domestic servant" three days a week to perform house work and care for their son. During this time period, they also traveled through Europe during annual "home leaves". Since plaintiff's return to this country in 1988, defendant's entire base salary—which ranged from $5,300 to $7,400 per month—was directly deposited into a joint bank account and plaintiff alone accessed and used these funds to support herself and their son. In her words, "I really had carte blanche to spend the money as I wished." Defendant never requested any of these funds for his own use or expenses nor did he control what plaintiff did with it. In 1996, after the direct deposits stopped, defendant was ordered pendente lite to personally deposit $6,600 monthly into the account.

Given the long duration of the parties' marriage, the

relatively high standard of living they enjoyed while married, defendant's substantial annual earnings and plaintiff's inability to realistically earn enough so as to enjoy the lifestyle to which she had been accustomed while married, we find no abuse of Supreme Court's discretion in its durational maintenance award (*see, Dunnan v Dunnan*, 261 AD2d 195, *lv denied* 93 NY2d 816; *White v White*, 204 AD2d 825, 828, *lv dismissed* 84 NY2d 977). We are particularly unpersuaded by defendant's argument that plaintiff is entitled to a "$0 maintenance award" or that, if any is to be awarded, it should be recalculated to reflect that he only earns $95,000 annually. The record plainly demonstrates that this latter figure is an inaccurate reflection of defendant's true annual compensation.

Although we find an award of counsel fees to plaintiff to be entirely appropriate in this matter, defendant is entitled to an evidentiary hearing since the record does not contain evidence establishing the reasonableness of the fees incurred (*see, e.g., Barnaby v Barnaby*, 259 AD2d 870, 872; *Gaudette v Gaudette*, 234 AD2d 619, 622, *appeal dismissed* 91 NY2d 885).

The parties' remaining contentions have been reviewed and rejected as meritless.

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's application for counsel fees in the amount of $4,000; matter remitted to the Supreme Court for a hearing on the issue of the amount of counsel fees to be awarded; and, as so modified, affirmed.