■ EARL B. SMITH, Appellant, v DEBRA L. SMITH, Respondent. [715 NYS2d 508] —Cardona, P. J. Appeal from an order of the Supreme Court (Keniry, J.), entered March 1, 1999 in Saratoga County, which, *inter alia*, granted defendant's motion for counsel fees and denied plaintiff's motion for reconsideration of a prior order finding him in contempt.

The parties to this appeal have been involved in various matrimonial actions, some details of which are set forth in our prior decision (263 AD2d 628, *lv dismissed* 94 NY2d 797). In March 1996, Supreme Court rendered an order granting defendant temporary maintenance in the amount of $200 per month retroactive to December 28, 1995 as well as $5,000 in counsel fees. As a result of plaintiff's failure to pay the amounts, defendant obtained a money judgment and, thereafter, moved for an order, *inter alia*, holding plaintiff in contempt. Supreme Court, *inter alia*, found plaintiff to be in contempt and partially granted defendant's motion. By order dated March 30, 1998, the court fined plaintiff $250, imposed additional costs and counsel fees of $5,000, and sentenced him to 60 days in jail.

In April 1998, defendant applied, *inter alia*, for an order increasing the award of temporary maintenance and granting additional counsel fees. In response, plaintiff sought reconsideration of the March 1998 order holding him in contempt and awarding certain counsel fees and also sought a downward modification of the award of temporary maintenance contained in the March 1996 order. Supreme Court, *inter alia*, denied plaintiff the relief requested and granted defendant additional counsel fees in the amount of $12,000, resulting in this appeal.

Turning first to plaintiff's challenge to the March 1998 contempt order, we note that no appeal lies from Supreme Court's denial of plaintiff's request for reargument of that order (*see, Vernooy v Vernooy,* 138 AD2d 913). While plaintiff also sought reconsideration of the order, he failed to adduce sufficient new evidence warranting treatment of the application as one to renew (*see, Matter of Jones v Marcy,* 135 AD2d 887, 888; *Donnelly v Donnelly,* 114 AD2d 671, 672, *appeal dismissed* 67 NY2d 607). Consequently, plaintiff cannot appeal from the denial of that part of his motion.

Plaintiff further takes issue with Supreme Court's award of additional counsel fees in the amount of $12,000 arguing, *inter alia,* that the award is not supported by evidence in the record. Initially, we note that a court may consider a party's dilatory and obstructionist tactics in making an award of counsel fees (*see, Holbrook v Holbrook,* 226 AD2d 831, 832; *Cinnamond v Cinnamond,* 203 AD2d 229, 230). However, an award of counsel fees cannot stand where the record lacks a sufficient evidentiary basis " 'to evaluate the respective financial circumstances of the parties and value of the services rendered' " (*Barnaby v Barnaby,* 259 AD2d 870, 872, quoting *Matter of Buono v Fantacone,* 252 AD2d 917, 919).

In support of her application, defendant submitted a statement setting forth her income and various expenses. She also submitted an affidavit in which she averred that she has incurred legal expenses in excess of $56,000. Her attorney, by affidavit, detailed the legal tactics allegedly engaged in by plaintiff to prolong and complicate the litigation. The proof, however, is insufficient to adequately assess the relative financial situations of both parties and, more importantly, the value of the legal services rendered. Under the particular circumstances herein, the matter must be remitted for an evidentiary hearing on the issue of counsel fees (*see, Sawyer v Sawyer,* 268 AD2d 929, 931; *Gaudette v Gaudette,* 234 AD2d 619, 622, *appeal dismissed* 89 NY2d 1023).

Furthermore, upon reviewing the record, we find no abuse of discretion in the denial of plaintiff's request for downward modification of the award of temporary maintenance. In light of our disposition, we need not address plaintiff's remaining claims. To the extent that the parties refer to matters occurring subsequent to the entry of the order appealed from, they are beyond the scope of this appeal and, therefore, have not been considered.

Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so

much thereof as granted defendant's application for counsel fees; matter remitted to the Supreme Court for a hearing on the issue of counsel fees; and, as so modified, affirmed.