ROBIN J. YARINSKY, Respondent, v STEVEN YARINSKY, Appellant. [770 NYS2d 440]—

Spain, J. Appeal from an order of the Supreme Court (Scarano, Jr., J.), entered December 17, 2002 in Saratoga County, which, inter alia, granted defendant's motion to dismiss the second amended complaint.

In this unduly protracted matrimonial action, each of the parties has contributed to its unreadiness. As relevant to this appeal, the parties, married in 1985, are the parents of seven children, born between 1986 and 1997. Defendant is a physician and apparently the sole owner of a professional corporation operating under the name Saratoga Springs Plastic Surgery, P.C. In March 1999, plaintiff, a registered nurse now working as a real estate agent, petitioned Saratoga County Family Court for child support and spousal maintenance. Family Court issued a temporary order of support requiring defendant to pay plaintiff, among other things, $10,000 per month in child support and $1,000 per month in maintenance. Plaintiff then filed for divorce and, thereafter, matters of support and maintenance were removed to Supreme Court. Notably, Family Court's 1999 temporary order is still in effect.

In April 2000, plaintiff sought enforcement of the temporary support order in Supreme Court and defendant cross-moved for a downward modification. At an August 2000 evidentiary hearing, substantial testimony was taken from several witnesses, including the certified public accountant appointed as receiver by Supreme Court, as well as defendant's accountant and defendant himself. In a September 2000 decision and order, Supreme Court enforced Family Court's temporary order, finding that the gross income of defendant's practice was approximately $1,600,000 in 1998, approximately $1,300,000 in 1999, and was

projected to sustain the latter amount in 2000, and that defendant had the ability to make the ordered temporary support payments. The court granted plaintiff a money judgment for support arrears. In October 2000, the court granted plaintiff's request for a second money judgment for arrears and counsel fees and directed that this money judgment be charged against both defendant and his professional corporation. Thereafter, the court denied defendant's second request for a downward modification and found defendant in contempt of its orders directing payment of the money judgments.

In November 2002, defendant moved to impose sanctions against plaintiff and her counsel and/or for a dismissal of this action due to plaintiff's failure to attend a scheduled deposition, to dismiss or strike portions of plaintiff's second amended complaint, and for a ruling that defendant need not submit to further scheduled depositions. Plaintiff cross-moved for leave to amend the second amended complaint and for interim counsel fees, among other things.

Supreme Court granted defendant's motion to dismiss the entire second amended complaint, granted plaintiff interim counsel fees of $20,000 and a money judgment against defendant and his corporation in the amount of $151,691.58 for temporary child support and maintenance arrearages due and owing as of November 20, 2002, and returned the temporary support order to Family Court. Only defendant appeals.

Initially, there is no merit to defendant's contention that Supreme Court should not have enforced Family Court's temporary support order. Family Ct Act § 434 directs Family Court to make a temporary child support order "in an amount sufficient to meet the needs of the child[ren], without a showing of immediate or emergency need . . . [and] notwithstanding that information with respect to income and assets of the respondent may be unavailable" (Family Ct Act § 434). The same rule applies to temporary spousal support (*see* Family Ct Act § 434-a). As the record on appeal fails to contain or reflect what evidence, if any, was available to Family Court at the time, the only reasonable conclusion is that, in the absence of the necessary information, Family Court acted appropriately in setting a temporary order in an amount sufficient to meet the needs of the children and plaintiff (*see* Family Ct Act §§ 434, 434-a).

As to defendant's challenge to the amount of the continued temporary order, an award of temporary support should be modified by appellate courts only in unusual circumstances not present here (*see Dane v Dane*, 260 AD2d 817, 818 [1999]). Notwithstanding the extremely long delay and the failure of

Supreme Court to establish a final support order, defendant was afforded ample opportunity to be heard at the August 2000 hearing on his motion for a downward modification of the temporary order and he never appealed Family Court's initial order.

The ultimate amount of the permanent award and adjustments, if any, should be resolved expeditiously, by a full and prompt support hearing—if necessary—in Family Court, and the parties and counsel are directed to fully and immediately cooperate toward that end (see Sedlack v Sedlack, 298 AD2d 691, 692 [2002]; Dane v Dane, supra at 817, 818). As to the amount of the money judgment appealed from, defendant's attorney conceded at the November 26, 2002 appearance in Supreme Court that the amount of arrears as of November 20, 2002, based on the temporary order, was $151,691.58.

We do find merit, however, in defendant's assertion that Supreme Court erred in awarding counsel fees to plaintiff. To justify an award of counsel fees, " '[a] sufficient evidentiary basis must exist for the court to evaluate the respective financial circumstances of the parties and value of the services rendered' " (Barnaby v Barnaby, 259 AD2d 870, 872 [1999], quoting Matter of Buono v Fantacone, 252 AD2d 917, 919 [1998]). It was error for the court to award counsel fees solely on the basis of written submissions absent a stipulation consenting to such an arrangement (see Redgrave v Redgrave, 304 AD2d 1062, 1066 [2003]). Moreover, the proof was "insufficient to adequately assess the relative financial situations of both parties and, more importantly, the value of the legal services rendered" (Smith v Smith, 277 AD2d 531, 532 [2000]; see Sawyer v Sawyer, 268 AD2d 929, 931 [2000]; Barnaby v Barnaby, supra at 872). Thus, plaintiff's cross motion for interim counsel fees should be remitted to Supreme Court for an evidentiary hearing.

Finally, defendant's argument, on behalf of his professional corporation, that it was error to hold his corporation liable for the money judgments, is not properly before this Court. The corporation has not appeared nor has it appealed said judgments.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion for counsel fees; matter remitted to the Supreme Court for a hearing on the issue of counsel fees; and, as so modified, affirmed.