■ ROBIN J. YARINSKY, Respondent-Appellant, v STEVEN YA-RINSKY, Appellant-Respondent. [808 NYS2d 492]—

Spain, J. Cross appeals from an order of the Supreme Court (Scarano, Jr., J.), entered February 18, 2005 in Saratoga County, which partially granted plaintiff's application for counsel fees.

Plaintiff and defendant were married in October 1985 and are the parents of seven children, born between 1986 and 1997. In March 1999, plaintiff filed for divorce, but her complaint was later dismissed by Supreme Court in an order which, among other things, granted plaintiff $20,000 in counsel fees. On appeal, this Court found that there had not been a sufficient evidentiary hearing preceding the award of counsel fees and we remitted for a hearing on that issue (2 AD3d 1108, 1110 [2003]). Supreme Court subsequently held a hearing at which plaintiff requested reimbursement for counsel fees in the amount of $35,529.67. The court, however, determined that plaintiff was entitled to $20,000. Both parties have appealed, and we affirm.

Under firmly established principles, Supreme Court may award counsel fees to a spouse so that the spouse can carry on or defend the action and, on appeal, its determination will not be disturbed absent an abuse of discretion (*see* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). In determining whether to award counsel fees, " '[a] sufficient evidentiary basis must exist for the court to evaluate the respective financial circumstances of the parties and value of the services rendered' " (*Barnaby v Barnaby*, 259 AD2d 870, 872 [1999], quoting *Matter of Buono v Fantacone*, 252 AD2d 917, 919 [1998]).

On the record before us, we find that Supreme Court had sufficient evidence to evaluate the financial circumstances of each party and the value of the legal services rendered. In awarding

plaintiff $20,000 for counsel fees, Supreme Court noted the "vastly disproportionate" financial circumstances of the parties, that the $150 hourly rate charged by plaintiff's attorney was reasonable and modest, and that the legal expenditures were "necessary given the obstreperous conduct of the defendant" (*see Matter of Ahmad v Naviwala*, 14 AD3d 819, 821 [2005], *lv dismissed* 5 NY3d 783 [2005]). Contrary to defendant's assertions, we find no basis upon which to conclude that Supreme Court abused its discretion in granting plaintiff a portion of her legal expenses (*see Matter of Buono v Fantacone, supra* at 919; *Matter of Vitek v Vitek*, 170 AD2d 908, 909-910 [1991]; *compare Smith v Smith*, 277 AD2d 531, 532 [2000]). Defendant's remaining contentions regarding the billing practices of plaintiff's counsel are devoid of merit, failing to dilute the ample evidence presented by plaintiff regarding the legal services rendered.

Likewise, we are not persuaded by plaintiff's argument that she should have been reimbursed for the full amount of her legal expenses on the ground that payments to her attorney were taken from child support moneys, as she testified that only a portion of the fees were from child support moneys. Additionally, Supreme Court was certainly permitted, within its discretion, to award only a portion of the amount requested (*see Matter of Buono v Fantacone, supra* at 919), and we find no abuse of that discretion.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.