■ York M. Bush, Appellant, v Debra Ann Bush, Respondent. [848 NYS2d 721]—

Crew III, J. Appeal from a judgment of the Supreme Court (Scarano, J.), entered December 19, 2005 in Saratoga County, which granted defendant's cross motion for counsel fees.

Plaintiff moved to reargue an order by Supreme Court which, among other things, dismissed his motion for divorce. Defendant cross-moved, seeking dismissal of plaintiff's reargument motion and, among other things, interim counsel fees in the amount of $85,172.81. Supreme Court subsequently awarded defendant interim counsel fees of $25,000, prompting this appeal by plaintiff.

It is well settled that Supreme Court may award counsel fees to a spouse to enable him or her to continue or defend an action and, absent an abuse of discretion, its determination will not be disturbed (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Yarinsky v Yarinsky*, 25 AD3d 1042, 1042 [2006]). However, "[t]o justify a counsel fee award, '[a] sufficient evidentiary basis must exist for the court to evaluate the respective financial circumstances of the parties and value of the services rendered' " (*Barnaby v Barnaby*, 259 AD2d 870, 872 [1999], quoting *Matter of Buono v Fantacone*, 252 AD2d 917, 919 [1998]; *accord Yarinsky v Yarinsky*, 2 AD3d 1108, 1110 [2003]). Moreover, Supreme Court cannot award counsel fees based solely upon written submissions, unless so stipulated to by the parties (*see Yarinsky v Yarinsky*, 2 AD3d at 1110; *Redgrave v Redgrave*, 304 AD2d 1062, 1066 [2003]).

Here, the proof submitted concerning the financial circumstances of the parties was limited to written submissions by respective counsel. As the record does not contain evidence of a stipulation agreeing thereto, we find that the proof of the financial circumstances of the parties was inadequate for Supreme Court to properly assess the award of counsel fees and, accordingly, remit this matter to Supreme Court for an evidentiary hearing (*see Yarinsky v Yarinsky*, 2 AD3d at 1110; *Smith v Smith*, 277 AD2d 531, 532 [2000]).

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.