■ SARI NAN LANG, Respondent, v EDWARD LANG, Appellant. [897 NYS2d 778]—

Egan Jr., J. Appeal from that part of an order of the Supreme Court (Meddaugh, J.), entered December 29, 2008 in Sullivan County, which partially granted plaintiff's motion for interim counsel fees.

Plaintiff and defendant were married in 1991 and are the parents of two minor children. Plaintiff commenced this divorce action in 2003. In 2004 and 2007, plaintiff was awarded interim counsel fees from defendant in the total amount of $50,000. In May 2008, plaintiff moved, in part, seeking an upward modifica-

tion of pendente lite maintenance and support and also sought an additional award of interim counsel fees in the amount of $50,000. Defendant cross-moved seeking the termination of or downward modification of pendente lite maintenance and support. Without conducting a hearing, Supreme Court denied all relief sought, but granted plaintiff interim counsel fees in the amount of $25,000. Defendant appeals contending that Supreme Court erred in granting interim counsel fees without first conducting an evidentiary hearing.

"Pursuant to Domestic Relations Law § 237 (a), a court in a divorce action may award counsel fees to a spouse 'to enable that spouse to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties' " (*Johnson v Chapin*, 12 NY3d 461, 467 [2009], quoting *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). The purpose of the statute is "to redress the economic disparity between the monied spouse and the non-monied spouse. Recognizing that the financial strength of matrimonial litigants is often unequal . . . the Legislature invested [trial courts] with the discretion to make the more affluent spouse pay for legal expenses of the needier one" (*O'Shea v O'Shea*, 93 NY2d 187, 190 [1999]). "[W]hen 'exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions' " (*Johnson v Chapin*, 12 NY3d at 467, quoting *DeCabrera v Cabrera-Rosete*, 70 NY2d at 881).

In support of her application, plaintiff argued that additional counsel fees were required as a result of defendant's lack of cooperation in providing discovery, and the additional amount would be sufficient to take the case through the trial of this action. Plaintiff provided Supreme Court with counsel's billing history. In opposition to plaintiff's application, defendant argued that additional interim counsel fees were not appropriate since those fees were partially based on unsuccessful applications to modify pendente lite orders and other applications claimed to be frivolous. Defendant took issue with certain fees charged by plaintiff's counsel, and disagreed with the assertion that he failed to provide discovery. Finally, defendant asserted that plaintiff, who is college-educated, chose to remain underemployed.

In granting plaintiff an award of interim counsel fees in the amount of $25,000, Supreme Court was familiar with this "highly contentious action for divorce" since 2004, and the

court had a sufficient evidentiary basis to assess plaintiff's application (*compare Bush v Bush*, 46 AD3d 1140, 1141 [2007] [noting that the proof submitted concerning the financial circumstances of the parties was limited to written submissions by respective counsel]). The record contained information regarding the assets and liabilities of each party, including affidavits from each party and their statements of net worth. In addition to the procedural posture of the case, Supreme Court acknowledged and took into consideration the disparity of income and financial circumstances of the parties—plaintiff's annual income was approximately $77,000 ($59,280 of which is child and spousal support) and defendant's annual income was $286,000. Supreme Court noted that plaintiff has expended more than $100,000 on counsel fees from an advance on her equitable distribution and from borrowed funds and, at the time of her application, owed her attorneys $19,000 in legal fees. The court also noted that defendant's net worth increased from $5 million when the action commenced to approximately $8 million in 2008.

While it is true that a final award of counsel fees cannot be made "without a hearing in the absence of a stipulation consenting to a determination upon written submissions" (*Redgrave v Redgrave*, 304 AD2d 1062, 1066 [2003]), we have previously permitted interim counsel fee awards without a full evidentiary hearing (*see Dane v Dane*, 260 AD2d 817, 819 [1999]). The Third Department cases cited by defendant are inapposite since, procedurally, those cases did not contemplate any further proceedings to address claimed inequities with the interim award (*see Bush v Bush*, 46 AD3d at 1141; *Yarinsky v Yarinsky*, 2 AD3d 1108, 1110 [2003]; *Redgrave v Redgrave*, 304 AD2d at 1066). Here, the ultimate amount of counsel fees awarded plaintiff, and if needed, any adjustment, can be resolved at the trial of the underlying divorce action (*see Coons v Coons*, 161 AD2d 924, 924 [1990]). Consequently, in keeping with the legislative intent of Domestic Relations Law § 237 (a) (*see O'Shea v O'Shea*, 93 NY2d at 190), we conclude that, in this case, Supreme Court did not err in awarding interim counsel fees without first conducting an evidentiary hearing.

Spain, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.