■ BRADFORD RATHBONE DOW, Appellant, v JANET LEE DOW, Respondent. [914 NYS2d 410]—

Stein, J. Appeals (1) from that part of a judgment of the Supreme Court (Cahill, J.), entered August 25, 2009 in Ulster County, which, among other things, awarded defendant counsel fees, and (2) from a judgment of said court, entered September 15, 2009 in Ulster County, which awarded defendant a money judgment.

The parties are formerly husband and wife. After plaintiff commenced an action for divorce, the parties—both of whom were represented by counsel—entered into a written marital agreement, which was amended by an oral stipulation of settlement made in open court (see CPLR 2104). The agreement and stipulation resolved all issues between the parties, with two exceptions, only one of which—whether plaintiff should be required to contribute to the counsel fees incurred by defendant in connection with the matrimonial action—is relevant here. As to that issue, the marital agreement provided that defendant would have the right to make an application to Supreme Court for an award of counsel fees payable by plaintiff "by motion on notice to the attorney for the [plaintiff] according to the motion practice provisions of the Civil Practice Law and Rules, or as otherwise directed by the [c]ourt [and that] [t]he [plaintiff would] have the right to oppose such motion." Pursuant to the agreement, the award of counsel fees made by the court, if any, would be reduced to a money judgment against plaintiff if defendant so requested. The oral stipulation also reiterated that defendant would be making an application to the court for an award of counsel fees.

Defendant thereafter filed a motion and supporting affidavits seeking an award of counsel fees in the amount of $12,709.44, and plaintiff opposed such application. Supreme Court granted

defendant's motion, directed plaintiff to pay the said sum within 30 days and further directed that, upon plaintiff's failure to do so, defendant would be entitled to entry of a judgment therefor. A judgment of divorce was subsequently entered that, among other things, incorporated the marital agreement, stipulation of settlement and counsel fee order. A money judgment was later entered against plaintiff for the amount of the counsel fees. Plaintiff now appeals from the judgment of divorce and from the money judgment.

We affirm. As limited by his brief, plaintiff argues that Supreme Court should not have made an award of counsel fees in the absence of an evidentiary hearing. Under the particular circumstances of this case, we disagree. The marital agreement set forth the procedure for defendant's counsel fee application and is bereft of any mention of a hearing. Likewise, the oral stipulation made no provision for a hearing on the application.* Because the record demonstrates that the parties stipulated to having Supreme Court make a determination on the basis of written submissions only, the court was authorized to do so (*see Bush v Bush*, 46 AD3d 1140, 1141 [2007]; *Yarinsky v Yarinsky*, 2 AD3d 1108, 1110 [2003]). Furthermore, inasmuch as plaintiff did not object to the procedure established by the parties and failed to request an evidentiary hearing at any time prior to the court's determination regarding defendant's entitlement to an award of counsel fees, he waived his right to a hearing on the issue (*see Matter of Van Horn v Dahoda*, 272 AD2d 791, 792 [2000]; *Stricos v Stricos*, 263 AD2d 659, 661-662 [1999]). In any event, we conclude that an adequate evidentiary basis existed for Supreme Court, in its discretion, to evaluate the respective financial circumstances of the parties and the value of the services rendered by defendant's counsel based upon the parties' written submissions (*see Yarinsky v Yarinsky*, 25 AD3d 1042, 1042 [2006]; *see also* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). Accordingly, we find no abuse of discretion that would warrant our intervention.

We have reviewed plaintiff's remaining contentions and, to the extent they are properly before us, find them to be without merit.

Spain, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgments are affirmed, without costs.

---

* This is in contrast to the procedure established in the stipulation for determination of the other unresolved issue.