■ In the Matter of JENNIFER G., Respondent, v BENJAMIN H., Appellant. (And Three Other Related Proceedings.) [923 NYS2d 249]—

Lahtinen, J. Appeals (1) from an order of the Family Court of Columbia County (Czajka, J.), entered December 11, 2009, which, among other things, granted petitioner's application, in four proceedings pursuant to Family Ct Act articles 6 and 8, to modify custody, and (2) from an order of said court, entered February 9, 2010, which denied respondent's motion for reconsideration.

The parties are the parents of three children (born in 1991, 1994 and 1998). They divorced in 2002 and their separation agreement, which was incorporated but not merged into the divorce judgment, provided for joint legal custody. A detailed visitation schedule in the agreement set forth, among other things, that petitioner (hereinafter the mother) would have physical custody on most weekdays and respondent (hereinafter the father) would have physical custody most weekends. For many years, the parties cooperated and parented their children with few problems under the terms they had set forth in their separation agreement.

However, in 2008 and thereafter, a deluge of significant disagreements resulted in a series of allegations and petitions, including a purported family offense committed by the father, an assertion (and later admission) of marihuana use by the father, and the mother seeking sole legal custody. The matters proceeded to trial in July 2009 and, at the close of proof, Family Court issued a ruling in which it, among other things, granted the mother sole legal custody, reduced the father's parenting time, found that the father had committed a family offense and

had violated temporary orders of protection, issued an order of protection, and awarded counsel fees to the mother. The father's subsequent motion to renew and/or reargue was denied. The father appeals from both orders.

The father argues that Family Court erred in modifying the custody and visitation established in the separation agreement by awarding the mother legal custody and reducing his visitation. An established agreement regarding joint custody and visitation should not be set aside unless there has been a sufficient change in circumstances and modification will be in the best interests of the children (*see Matter of Rue v Carpenter*, 69 AD3d 1238, 1239 [2010]; *Matter of Wiedenkeller v Hall*, 37 AD3d 1033, 1034 [2007], *lv denied* 8 NY3d 816 [2007]). Where, as here, conflicting proof is presented, we accord deference to Family Court's credibility determinations (*see Matter of Bohigian v Johnson*, 48 AD3d 904, 905 [2008]; *Matter of Grant v Grant*, 47 AD3d 1027, 1029 [2008]). We will not disturb Family Court's determination if it has a sound and substantial basis in the record (*see Matter of Seacord v Seacord*, 81 AD3d 1101, 1104 [2011]).

The record supports the determination to grant the mother sole legal custody. There was evidence that the parties' ability to cooperate had deteriorated to the point that joint custody was no longer feasible. The mother testified that they could not communicate productively. She related that, starting in late 2008, the father would often yell at her and attempt to dictate his demands. In fact, she taped a phone call in which the father made angry, threatening and profanity-laced comments. Further, each party began sending e-mails to various family members filled with highly negative comments about the other party. And, unable to communicate productively, a flurry of judicial petitions by both parties ensued. In short, there was a sufficient change in circumstances to support the determination that joint legal custody was no longer appropriate and that, under the circumstances, the mother should have legal custody (*see Matter of Rikard v Matson*, 80 AD3d 968, 969-970 [2011], *lv denied* 16 NY3d 709 [2011]; *Matter of Tamara FF. v John FF.*, 75 AD3d 688, 689 [2010]).

We find merit, however, in the father's contention that his parenting time should not have been reduced. Family Court did not articulate reasons as to why reducing the father's parenting time was in the best interests of the children (*see Matter of Laware v Baldwin*, 42 AD3d 696, 697 [2007]; *Matter of Cornell v Cornell*, 8 AD3d 718, 720 [2004]). Moreover, the children want to keep the original visitation schedule and, given their ages, their wish "is entitled to greater weight" (*Matter of Oddy v Oddy*, 296 AD2d 616, 617 [2002]).

The father contends that there was insufficient evidence to establish that he committed a family offense predicated upon aggravated harassment (*see* Family Ct Act § 812 [1]). "[M]aking a telephone call will constitute aggravated harassment in the second degree when it is made 'with intent to harass, annoy, threaten or alarm another person' and is made either 'in a manner likely to cause annoyance or alarm' or 'with no purpose of legitimate communication'" (*Matter of Draxler v Davis*, 11 AD3d 760, 760 [2004], quoting Penal Law § 240.30 [1], [2]). Here, the father engaged in a profanity-laced phone call in which he continually berated the mother, called her a variety of names, and repeatedly indicated that she was going to get hurt. Although he claimed that he intended only to protect his family from the pain of litigation by making this call, there was ample proof for Family Court to find an intent to "harass, annoy, threaten or alarm" the mother (Penal Law § 240.30 [1] [a]; *see Matter of Amy SS. v John SS.*, 68 AD3d 1262, 1263-1264 [2009], *lv denied* 14 NY3d 704 [2010]; *Matter of Draxler v Davis*, 11 AD3d at 760-761).

While the record supports Family Court's determination that the father willfully violated the February 2009 temporary order of protection, a violation of the July 2009 order is not sufficiently established. The February 2009 order prohibited, as relevant here, the father from communicating with the mother by e-mail and ordered that he "avoid all contact, direct or indirect" with her. The mother's sister—who stated that she had a "very close" relationship with the mother and had not communicated with the father in a "very long time"—received an e-mail from the father shortly after the order of protection was issued. The e-mail, which ostensibly was initially directed to the sister's husband, contained scurrilous accusations about the mother and her family. The sister promptly forwarded the e-mail to the mother. Under the circumstances, the evidence was sufficient to support Family Court's conclusion that the father knew or intended that, by sending the e-mail to the mother's family, it would reach the mother (*see Matter of Duane H. v Tina J.*, 66 AD3d 1148, 1149 [2009]).

However, the finding that the father discussed court proceedings with his oldest child in violation of a July 2009 order is supported only by an uncorroborated out-of-court statement attributed to (and later denied by) the child. We are unpersuaded that the mother established a willful violation of this order by clear and convincing evidence (*see Matter of Fitzpatrick v Fitzpatrick*, 77 AD3d 1108, 1109-1110 [2010]). While the willful violation of the July 2009 order must be reversed, we need not

remit on this issue since Family Court held in its decision on the motion to renew that, even without this violation, its decision to issue a protective order would have been the same based on the violation of the February 2009 order.

We also find merit in the father's contention that Family Court erred in ordering that he pay counsel fees to the mother. The record reveals that Family Court ruled that such an award would be made before any evidence was received regarding the respective financial circumstances of the parties or the value of the services rendered (*see Yarinsky v Yarinsky*, 2 AD3d 1108, 1110 [2003]; *Barnaby v Barnaby*, 259 AD2d 870, 872 [1999]). In fact, there is virtually nothing in this record regarding the parties' financial circumstances or the value of services. Thus, the case must be remitted for a hearing (*see Bush v Bush*, 46 AD3d 1140, 1141 [2007]; *Yarinsky v Yarinsky*, 2 AD3d at 1110).

The father's motion to renew contained an affidavit from his oldest (now adult) child denying that he made a statement attributed to him by others at trial. The child had been out of the country at the time of the trial. Family Court noted in its decision on the motion that its ultimate disposition in the case would not have changed even if the statement attributed to the child had not been considered. We are unpersuaded that Family Court abused its discretion in denying the motion to renew (*see 2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d 1392, 1396-1397 [2009], *lv denied* 14 NY3d 706 [2010]). To the extent that the motion also requested reargument, no appeal lies from the denial of a motion to reargue (*see Matter of Biasutto v Biasutto*, 75 AD3d 671, 672 [2010]).

The father's remaining arguments have been considered and found unavailing.

Peters, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order entered December 11, 2009 is modified, on the law and the facts, without costs, by reversing so much thereof as (1) modified the visitation schedule set forth in the parties' separation agreement, (2) found that respondent willfully violated the July 2009 order of protection, and (3) awarded counsel fees; matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order entered February 9, 2010 is affirmed, without costs.