Garry, J.
The parties were married in 1981 and have two adult children. Defendant (hereinafter the husband) left the marital residence in 2007, commenced an action for divorce in 2008 and discontinued it six months later. As part of the stipulation of discontinuance, he agreed to pay certain living expenses on behalf of plaintiff (hereinafter the wife) totaling approximately $2,400 per month. In 2009, the wife commenced this matrimonial action on the ground of abandonment. After joining issue, the husband stipulated to withdraw his answer and allow the wife to obtain an uncontested judgment of divorce. Following a nonjury trial on the issues of maintenance, equitable distribution and counsel fees, Supreme Court, among other things, granted the wife a judgment of divorce, ordered the husband to pay $2,500 monthly in maintenance for six years, awarded the wife 50% of the marital portion of husband’s pension and retirement plans and directed him to pay approximately $17,000 for the wife’s counsel fees. The husband appeals.
Initially, we reject the husband’s challenge to the maintenance award. Maintenance is properly awarded where “the marriage is of long duration, the recipient spouse has been out of the work force for a number of years [and] has sacrificed her or his own career development or has made substantial noneconomic contributions to the household or to the career of the payor” (Ndulo v Ndulo, 66 AD3d 1263, 1265 [2009]; accord O’Connor v O’Connor, 91 AD3d 1107, 1108 [2012]). Here, the husband has a Master’s degree, worked full time throughout the parties’ 29-year marriage and, at the time of trial, was employed as an engineer with an annual salary of approximately $120,000. The wife has a high school education, worked as a secretary until the birth of the parties’ first child in 1981 and thereafter raised the parties’ children at home until 1994, when she took a part-time position as a teacher’s assistant. In 2004, she began working full time in that role and, at the time of trial, was earning an annual salary of approximately $15,000.
The husband challenges the amount and duration of the award, noting that the purpose of maintenance is generally “to provide temporary support while the recipient develops the skills or experience necessary to become self-sufficient” (Semans v Semans, 199 AD2d 790, 791 [1993], lv denied 83 NY2d 758 *1096 [1994]). However, Supreme Court found it improbable that the wife — who was 57 years old at the time of trial — will ever acquire job skills permitting her to return to the comfortable upper-middle-class lifestyle that the parties enjoyed during the marriage. The fact that she may become “self-supporting by some standard of living does not mean that she is self-supporting in the context of the marital standard of living” (Ndulo v Ndulo, 66 AD3d at 1265). As the husband asserts, the findings of fact and conclusions of law contain inconsistencies and internal contradictions as to matters including the amount that he paid toward the wife’s monthly expenses while the divorce was pending.* Nonetheless, finding that the award is supported by the record and that the court gave appropriate consideration to the pertinent factors in addressing the “delicate balanc[e] of each party’s needs and means,” we defer to Supreme Court’s discretionary determinations as to the amount and duration of maintenance (Mairs v Mairs, 61 AD3d 1204, 1208 [2009] [internal quotation marks and citation omitted]; see Biagiotti v Biagiotti, 97 AD3d 941, 942 [2012]; Carman v Carman, 22 AD3d 1004, 1008 [2005]).
The husband next challenges Supreme Court’s equitable distribution of certain marital assets. A trial court has substantial discretion to fashion such awards based on the circumstances of each case, and the determination will not be disturbed absent an abuse of discretion or failure to consider the requisite statutory factors (see Domestic Relations Law § 236 [B] [5] [d]; Lurie v Lurie, 94 AD3d 1376, 1378 [2012]; Keil v Keil, 85 AD3d 1233, 1234 [2011]). We find no abuse of discretion here. As to the particular errors alleged by the husband, the court did not err in valuing his pension and retirement benefits as of the date of commencement of the action. It was within the court’s discretion to select any valuation date between the date of commencement and the time of trial, and here the court relied upon a report submitted by the husband stating values as of the commencement date (see Domestic Relations Law § 236 [B] [4] [b]; Halse v Halse, 93 AD3d 1003, 1004 [2012]). The court properly directed payment from each of the respective pension and retirement accounts and did not, as the husband asserts, require payment of the total sum from only one account. The husband was not entitled to a credit for funds he withdrew from the retirement account while the divorce was pending as he did not es *1097 tablish that these amounts were used, as he claims, for the wife’s expenses (see Pudlewski v Pudlewski, 309 AD2d 1296, 1297 [2003]; McGarrity v McGarrity, 211 AD2d 669, 670-671 [1995]). Further, given the disparity in the parties’ financial circumstances, the court did not abuse its discretion in allocating the entirety of the parties’ student loan debt to the husband (see Sember v Sember, 72 AD3d 1150, 1152 [2010]; Lewis v Lewis, 6 AD3d 837, 840 [2004]).
Finally, Supreme Court did not err in directing the husband to pay the wife’s counsel fees without an evidentiary hearing. When the trial began, the parties stipulated to the submission of bills received by the wife from her counsel as representative of the amount of her outstanding legal fees. Thereafter, while arguing that he should not be held solely responsible for these fees, the husband neither challenged the reasonableness of the charges set forth in the bills nor requested a hearing on that issue (see Dow v Dow, 80 AD3d 848, 849 [2011]; compare Yarinsky v Yarinsky, 2 AD3d 1108, 1110 [2003]; Redgrave v Redgrave, 304 AD2d 1062, 1066 [2003]). There was a sufficient evidentiary basis for the court to weigh the parties’ respective financial conditions and the value of counsel’s services, and considering the totality of the circumstances (see Armstrong v Armstrong, 72 AD3d 1409, 1416 [2010]), the award was within the court’s discretion (see Harrington v Harrington, 93 AD3d 1092, 1094 [2012]; O’Connor v O’Connor, 91 AD3d at 1109).
Mercure, J.E, Rose, Spain and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

 These errors appear to have resulted from the use of edited submissions by the parties; this practice “is not recommended . . . [because it] has the potential to create confusion and inconsistencies within the overall decision” (Noble v Noble, 78 AD3d 1386, 1387 [2010]).