Rock v Rock (2020 NY Slip Op 00022)





Rock v Rock


2020 NY Slip Op 00022


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

528387

[*1]Jennifer Medler Rock, Appellant,
v
Douglas Rock, Respondent.

Calendar Date: November 20, 2019

Before: Clark, J.P., Mulvey, Devine and Pritzker, JJ.


Erin K. Hayner, Saratoga Springs, for appellant.
Law Offices of Kimberly B. Allen, Saratoga Springs (Kimberly B. Allen of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the Supreme Court (Meyer, J.), entered June 28, 2018 in Essex County, which, among other things, denied plaintiff counsel fees, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married for more than eight years when the wife filed for divorce. The husband proceeded without counsel, but, by the close of the trial, the wife had incurred more than $30,000 in counsel fees and litigation costs. The primary issues at trial were the equitable distribution of the marital residence and the payment of counsel fees. Supreme Court granted the wife a divorce, equitably distributed the marital property and denied the wife's request for counsel fees. The wife appeals, addressing only the issue of counsel fees.
We affirm. Domestic Relations Law § 237 (a) (6) provides that a court in a divorce action "may direct either spouse" to pay counsel fees "to enable the other party to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties. There shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse." "When exercising its discretionary powers in this regard, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions, as well as the complexity of the case and the extent of legal services rendered" (Teaney v Teaney, 138 AD3d 1301, 1302-1303 [2016] [internal quotation marks and citations omitted]; see Yarinsky v Yarinsky, 25 AD3d 1042, 1042 [2006]). The party seeking an award of counsel fees must establish an evidentiary basis as to both "the parties' respective financial circumstances and the value of the legal services rendered" (Curley v Curley, 125 AD3d 1227, 1231 [2015]; see Bush v Bush, 46 AD3d 1140, 1141 [2007]). Absent an abuse of discretion, the trial court's determination on the counsel fees issue will not be disturbed (see Kimberly C. v Christopher C., 155 AD3d 1329, 1336 [2017]; Bush v Bush, 46 AD3d at 1141).
The wife did not establish that she was entitled to a rebuttable presumption of an award of counsel fees, as she did not prove that she was the less monied spouse. She testified that, although she obtained full-time employment relatively recently, her annual salary was $48,000, whereas the husband earned $44,000. The husband testified that, while he was unemployed for a time during the marriage, he depleted his pension and 401(k) account from a previous employer. He also indicated that he might have to file for bankruptcy and would not be able to afford to move if he had to sell the marital residence. Supreme Court noted the lack of evidence regarding how the wife had supported herself during the marriage; this included a period of more than a year when she had moved out of the marital residence and was employed in a part-time, seasonal position at which she earned only a few thousand dollars per year. We cannot say that the court abused its discretion in concluding that the wife failed to prove that she was the less monied spouse or that the parties' respective financial circumstances warranted an award of counsel fees (compare Gordon-Medley v Medley, 160 AD3d 1146, 1148 [2018]).
Although Supreme Court did not mention any other factors that it may have considered in denying the wife's request for counsel fees, we decline to disturb its determination. The husband's position regarding the marital residence may not have had much merit, but his position was not frivolous, especially considering that he was unrepresented. The case was not particularly complex. The wife complains that the husband delayed the action by, for example, failing to respond to discovery demands. Although we do not condone the husband's lack of diligence, the wife did not move to compel compliance nor seek a court order for an appraisal of the residence prior to trial, either of which would presumably have been a more expeditious and fruitful method of addressing the husband's alleged lack of cooperation. Considering all the circumstances, we will not disturb Supreme Court's discretionary decision to deny the wife's request for counsel fees (see Teaney v Teaney, 138 AD3d at 1303-1304).
Clark, J.P., Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.