Brennan v Caltabiano (2022 NY Slip Op 05368)

Brennan v Caltabiano

2022 NY Slip Op 05368

Decided on September 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 29, 2022

Before: Acosta, P.J., Mazzarelli, Gesmer, González, Pitt, JJ. 

Index No. 311340/17 Appeal No. 16309 Case No. 2022-01388 

[*1]Erin Brennan, Plaintiff-Respondent,
v
Christopher Caltabiano, Defendant-Appellant.

Law Office of John Teufel, Kew Gardens (John Teufel of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Matthew C. Kesten of counsel), for respondent.

Order, Supreme Court, New York County (Kelly A. O'Neill Levy, J.), entered on or about October 6, 2021, which, inter alia, granted the wife's application for an award of attorney's fees in connection with her petition to enforce and modify the parties' custody stipulation, unanimously affirmed, without costs.
Under the circumstances, the court did not improvidently exercise its discretion in granting the wife's application for attorney's fees since the record supports a finding that the husband's repeated violations of the custody stipulation necessitated the motion (Domestic Relations Law § 238). Although the court stated in its decision that "[i]t is uncontested that defendant has defaulted in complying with the Stipulation," that does not support defendant's claim that the court did not review his opposition papers, where he set out his justifications for some of the claimed violations; indeed, at oral argument, the court specifically referred to having read the papers. A review of the entire record supports a finding that the husband, after relocating outside of New York, did fail to comply with some of the detailed provisions of the custody stipulation concerning parenting time, adversely affecting the children and wife, so that a discretionary award of fees was warranted (see generally DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]).
The husband waived his right to a hearing on the issue of whether he violated the stipulation when he failed to request one on the wife's application for attorney's fees or to object when the motion court indicated that the motion would be decided on the papers submitted (see Matter of Zaydenverg v Zaydenverg, 151 AD3d 871, 872 [2d Dept 2017]; Dow v Dow, 80 AD3d 848, 849 [3d Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2022