Devine, J.
 

 Appeal from an order of the Family Court of Washington County (Michelini, J.), entered October 15, 2015, which, in a proceeding pursuant to Domestic Relations Law article 5-A, granted petitioner’s motion for costs and counsel fees.
 

 Petitioner (hereinafter the mother) and respondent William DD. (hereinafter the father) are the parents of a daughter (born in 2003). A 2005 order issued in Alabama awarded joint legal custody of the child to the father and respondent Tammy EE. (hereinafter the maternal grandmother), with the maternal grandmother to have primary physical placement. By 2015, the maternal grandmother and the child had lived in Tennessee for several years and the father lived in New York.
 

 The father purportedly became concerned for the child’s welfare and, in July 2015, removed the child from the maternal grandmother’s care, brought the child to New York and petitioned Family Court for modification of the Alabama order. The mother quickly obtained an ex parte emergency order in Tennessee that awarded her legal and physical custody of the child and directed the father to place the child in her care. The mother filed the Tennessee order for registration in New York pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A [hereinafter UCCJEA]; Domestic Relations Law § 77-d). The father then refused to turn over the child in defiance of the Tennessee order, prompting the mother to petition Family Court for enforcement of the Tennessee order and obtain an ex parte temporary order awarding her sole legal and physical custody of the child pending further proceedings (see Domestic Relations Law §§ 77-d [1]; 77-g).
 

 The child was turned over to the mother prior to an appearance on the pending petitions and, at that appearance, the father withdrew his custody modification petition and conceded that Tennessee was the appropriate forum (see e.g. Domestic Relations Law §§ 76-a, 76-b). The only unresolved issue, as a result, was the mother’s request for an award of costs and counsel fees pursuant to Domestic Relations Law § 77-k. Upon Family Court’s direction, the mother submitted paperwork reflecting that she had incurred $4,262.29 in costs and counsel fees. After considering those papers, as well as the father’s written opposition, Family Court found that the requested amount was appropriate and ordered the father to pay it. The father now appeals.
 

 We affirm. Family Court is empowered and required to “recognize and enforce a child custody determination of a court of another state” if it was issued “in substantial conformity” with the UCCJEA (Domestic Relations Law § 77-b [1]). The mother argued that the Tennessee order fell within that category, registered it in New York and, while awaiting confirmation of that registration, was free to simultaneously seek enforcement of the order (see Domestic Relations Law §§ 77-d [1]; 77-g). The mother was obliged to petition for enforcement after the father refused to honor the Tennessee order and its direction that he “immediately return the child to the [m] other” under penalty of contempt. Inasmuch as the mother succeeded in her enforcement efforts, with the father turning over the child to her and acknowledging that Tennessee was the appropriate venue, she was entitled to “necessary and reasonable expenses incurred by or on [her] behalf. . . , including costs, communication expenses, attorney’s fees, investigative fees, expenses for witnesses, travel expenses, and child care during the course of the proceedings, unless the party from whom fees or expenses are sought establishes that the award would be inappropriate” (Domestic Relations Law § 77-k [1]).
 

 As for the amount of costs and counsel fees, the father agreed that Family Court should resolve the issue on papers and, notably, failed to thereafter request a hearing (see e.g. Williams v Williams, 99 AD3d 1094, 1097 [2012]). Counsel for the mother submitted an affirmation, with time sheets annexed to it, explaining that she had performed $3,750 of work but had agreed to cap her bill for the mother at $2,000. The mother also submitted her own affidavit in which she set forth the travel and lodging expenses incurred as the result of her quest to recover the child in New York. The father responded by nitpicking the amount sought and claiming that any award would be inappropriate given his allegedly virtuous aims. Our review nevertheless confirms the assessment of Family Court that the costs and counsel fees sought were reasonable and that, in light of the father’s refusal to turn the child over to the mother despite an order directing him to do so from a jurisdiction that he never disputed was a correct one, the father failed to “establish [ ] that the award would be inappropriate” (Domestic Relations Law § 77-k [1]).
 

 Egan Jr., J.P., Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.