Matter of Adams v Clouse (2018 NY Slip Op 07007)





Matter of Adams v Clouse


2018 NY Slip Op 07007


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018


[*1]In the Matter of WENDY LOU ADAMS, Appellant,
v
JASON EVERT CLOUSE, Respondent.

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Rumsey, JJ.


Barrett D. Mack, Albany, for appellant.
J. Russell Langwig III, Schoharie, for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered December 21, 2016, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in January 2001). As set forth in a prior decision of this Court involving these parties, a custody order was issued by a court in California in 2009 that awarded the parties joint legal custody of the child with physical custody to the father and reasonable parenting time to the mother and also permitted the father to temporarily relocate with the child to Michigan (Matter of Clouse v Clouse, 110 AD3d 1181, 1182 [2013], lv denied 22 NY3d 858 [2014]). The child lived in Michigan with the father for a year and then went to stay with the mother in New York for a period exceeding six months (id.). In 2011, the father took the child back to Michigan, the mother petitioned for custody and, after a fact-finding hearing, Family Court dismissed the petition (id.).
In 2013, a judgment of divorce was entered in Michigan which, among other things, dissolved the parties' marriage, awarded the father sole legal and physical custody of the child and provided the mother reasonable parenting time. Relevant here, the Michigan judgment specified that the mother's reasonable parenting time was to be "held in the State of Michigan with the father first having been advised of the length of visitation and date of parenting time no later than 28 days in advance." Further, the Michigan judgment provided that neither parent could change the legal residence of the child without consent or an order of the Michigan court. The child has been living in Michigan with his father since 2011.
In July 2016, the mother filed a petition to enforce the Michigan custody order, alleging that the father "alienat[ed]/isolate[ed] the child within the state of Michigan, disallow[ed] the child to communicate telephonically on a regular basis and being [indecipherable] with allowing the child to visit with me [and] disallow[ed] the child to leave . . . Michigan." After an initial [*2]appearance, the father moved to dismiss the petition, arguing that Family Court did not have jurisdiction to consider the matter. Family Court dismissed the petition, and the mother now appeals.
The Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA) governs the jurisdiction of a New York court to modify and enforce foreign judgments pertaining to custody and parenting time (see Domestic Relations Law § 75). Relevant here, a New York court may not entertain a proceeding to modify a custody determination made by a court of another state unless, at the time the proceeding is commenced, New York has jurisdiction to make an initial child custody determination and the other state declines jurisdiction (see Domestic Relations Law § 76-b). A New York court is required, however, to enforce a child custody determination issued by a court in another state so long as it was made in conformity with the UCCJEA (see Domestic Relations Law § 77-b; Matter of Jessica CC. v William DD., 156 AD3d 1142, 1143-1144 [2017]). Additionally, a court in New York may, even in the absence of jurisdiction to modify a custody determination, issue a temporary order that enforces a determination made in another state regarding parenting time (see Domestic Relations Law § 77-c; Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 77-b at 570).
Petitioner contends that Family Court erred because it treated her petition as one for modification and not enforcement. Generally, we agree that a New York court could have jurisdiction to enforce a custody order issued by another state (see Domestic Relations Law § 77-b). That said, we agree with Family Court that the mother was effectively seeking to modify, not enforce, the Michigan order.
As set forth above, the Michigan order granted custody to the father with parenting time to the mother — in Michigan — subject to a procedure requiring, among other things, specific notice to the father. Contrary to the mother's claim, the order did not direct or require the father to facilitate regular telephone calls between the mother and the child. Nor did the mother allege or demonstrate that parenting time was refused after she complied with the scheduling and enforcement directives set forth in the Michigan order. Rather, in the petition and at the initial appearance in Family Court, the mother characterized the custodial and parenting time provisions as "unworkable" and requested that the child be returned to her in New York. Consistently, in response to the father's subsequent motion to dismiss, she argued that changed circumstances warranted modification of the Michigan order and requested that the court inquire into the best interests of the child.
Indisputably, Michigan was the child's "home state" at the time that the mother commenced this proceeding (see Domestic Relations Law § 75-a [7]; compare Clouse v Clouse, 110 AD3d at 1182). Under the circumstances presented, Family Court did not have jurisdiction to grant the requested relief (see Domestic Relations Law § 76-b). Accordingly, we find that Family Court properly granted the father's motion to dismiss the mother's petition.
Egan Jr., J.P., Devine, Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.